**UNITED STATES v. CROOK et al.***

Circuit Court of Appeals, Fifth Circuit.
April 16, 1927.

No. 4852.

Internal revenue ⚫⟹28(2)—Suit within six years on income and excess profits tax levied within five years from return held not barred (Revenue Act 1921, § 250 [Comp. St. § 6336⅛tt]; Revenue Act 1924, § 277, subd. [a] [2], and § 278, subds. [d] [e], being Comp. St. §§ 6336½zz4, 6336½zz5).

Suit within six years from return to enforce assessment made less than five years after return as required by Revenue Act 1924, § 277, subd. (a) (2), being Comp. St. § 6336½zz4, against individuals who were sole stockholders of corporation making, before dissolution, income and excess profits tax return under Revenue Act 1921, § 250 (Comp. St. § 6336⅛tt), providing that no proceeding for collection of taxes should be begun after five years from return, *held* not barred under Revenue Act 1924, § 278, subd. (e), being Comp. St. § 6336½zz5, providing that assessment or collection should not be authorized, if barred by period of limitation then in existence, and § 278, subd. (d), being Comp. St. § 6336½zz5, providing that tax assessed within five years might be collected by proceedings commenced within six years from assessment.

In Error to the District Court of the United States for the Western District of Louisiana; Benjamin C. Dawkins, Judge.

Action by the United States against Robert L. Crook and another. Judgment for defendants, and the United States brings error. Reversed and remanded.

Philip H. Mecom, U. S. Atty., of Shreveport, La. (J. Fair Hardin, Asst. U. S. Atty., of Shreveport, La., A. W. Gregg, Gen. Counsel Bureau of Internal Revenue, and Mark H. Adams, Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

J. D. Wilkinson, C. H. Lewis, and W. S. Wilkinson, all of Shreveport, La. (Wilkinson, Lewis & Wilkinson, of Shreveport, La., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was a suit brought by the United States on November 28, 1925, against the defendants in error, two individuals (herein called defendants), to recover $4,053.54, the amount of additional income and excess profits taxes for the calendar year 1919, assessed on December 1, 1924, against the Pine Island Refining Company, a Louisiana corporation. Allegations of the complaint showed the following:

On or about February 7, 1920, said corporation filed a corporation income and profits tax return for the calendar year 1919. That corporation was dissolved in December, 1920. At that time the defendants owned all of the stock of that corporation, and upon its dissolution each of them received in final liquidation of the corporate assets $15,000 in cash. Subsequent to the filing of said return by said corporation, the Commissioner of Internal Revenue, upon additional information and facts submitted to him, directed a review and audit to be made, and as a result thereof found and determined the income, invested capital, and taxes that should have been reported in said return, and that the additional tax due was the sum assessed, $4,053.54. The defendants moved the court to dismiss the suit, on the ground that the matters and things therein complained of are barred by the statute of limitations of five years. The court sustained that motion. That action of the court is assigned as error.

When the assessment was made, and when the suit was brought, the Revenue Act of 1924, which was approved June 2, 1924 (43 Stat. 253), was in effect. The following are the pertinent provisions of that act:

"Sec. 277 (a) Except as provided in section 278. * * *

"(2) The amount of income, excess profits, and war profits taxes imposed by the act entitled * * * the Revenue Act of 1918, and by any such act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

"Sec. 278 (d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. * * *

"(e) This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this act such assessment, distraint, or proceeding was barred by the period of limitation then in existence, or (2) affect any assessment made, or distraint or proceeding in court begun, before the enactment of this act."

Comp. St. §§ 6336½zz4, 6336½zz5.

Section 250 of the Revenue Act of 1921 (42 Stat. 265); being Comp. St. § 6336⅛tt (which was superseded by the Revenue Act of 1924), provided that no suit or proceeding for the collection of income or excess profits taxes under prior acts should be begun after

*Rehearing denied May 23, 1927.

18 F.(2d)—29

the expiration of five years after the date when the return was filed. The facts of this case do not bring it within the provision of subdivision (e) of the above set out section 278, as at the time of the enactment of the Revenue Act of 1924 the assessment in question was not barred, less than five years after the date of the return having then elapsed, and no assessment having been made, or distraint or proceeding in court having been begun, before the enactment of that act.

The assessment in question was made within the time prescribed in subdivision (2) of section 277, as it was made within five years after the return was filed. The provision of that subdivision "that no proceeding in court for the collection of such taxes shall be begun after the expiration of such period" is not applicable to this case, as that provision is limited or qualified by the initial words of section 277, "except as provided in section 278," and subdivision (d) of section 278 explicitly provides that, "where the assessment of the tax is made within the period prescribed in section 277, * * * such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax."

The facts of the case hardly call for the application of the rule that a suit by the government to recover the amount of a duly assessed tax is not barred by limitation in the absence of congressional action clearly imposing it. E. I. Du Pont de Nemours & Company v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788. The assessment in question having been made after the passage of the Revenue Act of 1924, and within the time prescribed by section 277 (2) of that act, and the suit having been brought within the time prescribed for bringing such suit by section 278 (d) of that act, the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded for further proceedings.

Reversed.