## In re McCLURE CO.

District Court, N. D. Georgia.  August 31, 1927.

No. 12578.

1. **Internal revenue** ⊜≈28(2)—**Filing proof of claim for taxes in bankruptcy court is "proceeding for collection of tax," within tax statutes.**

The filing of a proof of claim for income taxes in the bankruptcy court *held* the equivalent of a "suit and a proceeding in court" for the collection of the taxes, within the meaning of the tax statutes.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding.]

2. **Internal revenue** ⊜≈28(2)—**Limitation statute for tax collection, though enacted subsequent to accrual of tax claim, did not change liability, but affected only time within which remedy was available (Revenue Act 1921, § 250d [Comp. St. § 6336⅛tt]; Revenue Act 1924, § 278d [26 USCA § 1061]; Revenue Act 1926, § 278d).**

Provision in Revenue Act 1924, § 278d (26 USCA § 1061, being Comp. St. § 6336⅛zz [5]) and Revenue Act 1926, § 278d (44 Stat. 59), extending provisions for limitation of action for tax collection to six years, though enacted subsequent to accrual of tax claim, *held* not to create any new liability, or change any old one, but to extend the time within which remedy must be sought, under Revenue Act 1921, § 250d (Comp. St. § 6336⅛tt).

3. **Limitation of actions** ⊜≈4(1)—**Limitation of time for bringing action may be freely changed, provided no one is deprived of all remedy.**

Limitations of time for bringing actions may be freely made and altered, provided that one having a right is not substantially deprived of all remedy.

4. **Limitation of actions** ⊜≈4(1)—**Extension of time to enforce obligation, or even abolition of limitation, is within legislative power.**

The extension of the time within which an obligation may be enforced, or even the entire abolition of the statute of limitation, is within rightful legislative power.

5. Internal revenue ⚖═28(2)—Statutes extending time for bringing tax collection proceedings held retroactive, and applicable to tax assessed before statutes were enacted (Revenue Act 1924, §§ 277a (2), 278d, being 26 USCA §§ 1057, 1061; Revenue Act 1926, §§ 277a (3), 278d; Revenue Act 1921, § 250d, being Comp. St. § 6336⅛tt).

Revenue Act 1924, § 278d (26 USCA § 1061, being Comp. St. § 6336½zz [5]), and Revenue Act 1926, § 278d (44 Stat. 59), extending the five-year limitation period for bringing tax collection proceedings of Revenue Act 1921, § 250d (Comp. St. § 6336⅛tt), to six years from the time of the assessment, held retroactive, and applicable to an assessment made before the 1924 act was enacted, so that a proof of claim filed in the bankruptcy court more than five years after assessment, but less than six years thereafter, was not barred by limitations, especially in view of Revenue Act 1924, § 277a(2) (26 USCA § 1057, being Comp. St. § 6336½zz [4], and Revenue Act 1926, § 277a (3), being 44 Stat. 58.

6. Internal revenue ⚖═28(2)—Principle that doubt in tax statutes shall be construed in taxpayer's favor held inapplicable to question of whether limitation provision is retroactive (Revenue Act 1924, § 278d [26 USCA § 1061]; Revenue Act 1926, § 278d; Revenue Act 1921, § 250d [Comp. St. § 6336⅛tt]).

In determining whether or not Revenue Act 1924, § 278d (26 USCA § 1061, being Comp. St. § 6336½zz [5]), and Revenue Act 1926, § 278d (44 Stat. 59), extending the five-year limitation period for bringing tax collection proceedings of the Revenue Act 1921, § 250d (Comp. St. § 6336⅛tt), to six years, were retroactive, the principle that, in construing tax statutes, doubt is to be resolved in favor of the taxpayer, held inapplicable, since it would deprive the government of a right which it undoubtedly had by its own voluntary statute of limitations.

7. Statutes ⚖═238—Grant by public is strictly construed in favor of public.

A grant by the public is to be strictly construed in favor of the public.

8. Statutes ⚖═237—Powers should not be taken from government, except on clear legislative words.

The government ought not to be excluded from its rightful powers, unless the intent to exclude is plainly shown by the words of the statute.

9. Internal revenue ⚖═28(2)—Provisions, in limitation statute extending time for tax proceedings, that statute should not apply where proceedings were wholly barred, held inapplicable to tax not barred when statute was passed (Revenue Act 1924, § 278e, cl. 1 [26 USCA § 1062]).

Revenue Act 1924, § 278e, cl. 1 (26 USCA § 1062, being Comp. St. 6336½zz [5]), providing that section 278, which extended the time for tax collection proceedings, should not authorize collection of tax, if at the time of the enactment of "this act" such proceeding was barred by the period of limitation then in existence, held inapplicable, where an assessment was not made under the 1926 statute, and at the time it was enacted it was not too late to sue under previous statutes.

10. Internal revenue ⚖═28(2)—Provision, in limitation statute extending time for tax proceedings, that statute shall not affect previous assessment, does not mean act shall not apply to previous assessment (Revenue Act 1924, § 278e, cl. 2 [26 USCA § 1062]).

Revenue Act 1924, § 278e, cl. 2 (26 USCA § 1062, being Comp. St. § 6336½zz [5]), providing that section 278, extending the time for bringing tax collection proceedings, should not affect any assessment or proceeding in court taken before the enactment of "this act," does not mean that the statute shall not apply to a tax, where a valid assessment was made prior to the enactment of the act, and such an assessment remains a good assessment and as capable of being a starting point for a new limitation as one made thereafter.

In Bankruptcy. In the matter of McClure Company, bankrupt. Proof of claim for income taxes was filed against the bankrupt by the Collector of Internal Revenue, and disallowed by the referee, and the collector petitions for review. Proof of claim allowed.

C. P. Goree, Asst. U. S. Atty., of Atlanta, Ga., for petitioner.

J. C. Murphy, of Atlanta, Ga., for trustee.

SIBLEY, District Judge. A proof of claim against the bankrupt for income taxes for the year 1919 was filed by the collector of internal revenue and disallowed by the referee, because barred by the limitation fixed by the tax acts. The pertinent facts are these: The tax return was made June 14, 1920, and amended November 25, 1920. The tax was assessed January 21, 1922. The proof of claim was filed with the referee April 12, 1927.

[1, 2] The filing of the proof in the bankruptcy court is the equivalent of a suit, and is a proceeding in court for the collection of the tax, within the meaning of the tax statutes. By the provisions of section 250d of the Revenue Act of 1921 (Comp. St. § 6336⅛tt), of force when the tax was assessed, the proof of claim would be barred, because not made within five years from the filing of the tax return. But the Revenue Acts of 1924 and 1926 introduce a longer limitation, to wit, six years from the making of a timely assessment, which the collector contends saves this claim. These provisions for limitation, though enacted subsequent to the accrual of the tax claim, did not create any new liability or change the old one, but affected only the time within which a remedy must be sought.

[3, 4] It is elementary that such limitations of time may be freely made and altered, provided that one having a right is not substantially deprived of all remedy. No man has a vested right not to pay a tax or other obligation which he really owes. So that an extension of the time within which the obligation may be enforced, or the entire abolition of the limitation, is within rightful legislative power.

[5] Nor is there great force in the argument that retrospective operation ought not to be given these statutes. Where general words are used in limiting described causes of action, it is not usual to confine the limitation to causes arising after the statute takes effect. Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737. In the statutes cited, special words are used, expressly designating the taxes accrued under former laws, including the Revenue Act of 1918, so there is no possible doubt that this legislation was intended to be retroactive. Indeed, it must be conceded that this tax demand would be governed by these later statutes, if only it had not been liquidated by an assessment prior to June 2, 1924, the date of enactment of the Revenue Act of 1924. United States v. Crook (C. C. A. 5th Circuit, April 16, 1927) 18 F. (2d) 449.

[6] Nor is this a case for applying the principle that, in construing tax statutes, doubt is to be resolved in favor of the taxpayer. That principle may be invoked in determining whether or not the tax has been imposed. When applied, it operates to relieve equally all persons sought to be taxed. Here it is not contended that the tax claim is not due, but only that this taxpayer is relieved by the delay of the taxing officers. To solve doubt in favor of this taxpayer is but to shift his just burden to other taxpayers. It would deprive the government of a right, which it undoubtedly had, by a construction of an act of grace, its own voluntary statute of limitations.

[7, 8] The rule is rather to be applied that a grant by the public is to be strictly construed in favor of the public, and that the government ought not to be excluded from its rightful powers, except on clear legislative words.

The present contention, specifically stated, is that this tax claim, arising under the Revenue Act of 1918 (Comp. St. § 6336⅛ et seq.) is controlled by the limitations of the act of 1921, and is barred of enforcement because the assessment was made before June 2, 1924, whereas, if the assessment had been delayed until June 3, 1924, the act of 1924 would have governed, and it would

not be barred. With no logical or constitutional necessity compelling such a conclusion, it must rest solely on the words of the statutes. The Act of February 26, 1926 (44 Stat. 9), was of force when the proceeding in court, the filing of the proof of claim, was instituted. Its provisions are first to be noted. Patterson v. Gaines, 6 How. 551, 12 L. Ed. 553. Its language is free from all doubt. Section 278d authorizes a proceeding in court within six years after a timely assessment "whether made *before* or *after* the enactment of this act," and would sustain the filing of this proof on April 14, 1927. But section 278e declares that the section shall not authorize collection by distraint or a proceeding in court of a claim already barred by previous statutes at the time of its enactment.

We are therefore required to ascertain whether the Act of June 2, 1924, saved this claim from becoming barred by the act of 1921, five years after the return was filed, to wit, on June 14, 1925. Act 1924, § 277a (2), being 26 USCA § 1057 (Comp. St. § 6336⅛zz [4]), which deals with tax claims arising prior to 1921, requires that they, "except as provided in section 278, * * * shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be taken after the expiration of such period." Section 278d provides that, "where the *assessment* of the tax is made within the period prescribed in section 277, or in this section, such tax may be *collected* by distraint or a proceeding in court begun within six years after the assessment of the tax." 26 USCA § 1061 (Comp. St. § 6336⅛zz[5]). The combined effect of the two sections is to require an assessment to be made, or a suit without an assessment to be filed, within five years from the making of the return; but, if an assessment is made within that time, a distraint or a suit to enforce it may be had within six years after the assessment.

Thus, for the first time, in the act of 1924, the assessment is made a point from which the limitation on proceedings to enforce collection is to run. The reason for the innovation is thus stated in the Gregg report on the Mellon bill, as quoted by Holmes, Federal Taxes (6th Ed.) p. 1347, note 85: "If the taxpayer has had notice of an assessment within the statutory period therefor, little hardship to him results from authorizing proceedings thereafter for the collection of the tax. The purpose of the limitation upon assessments is to assure the taxpayer that, after the period has run and no assessment has been made, no tax may be collected from

him. If, however, the assessment is made within the prescribed period, the assessment is comparable to a judgment at law and should remain alive until the tax is paid."

This reason applies with equal force to every assessment, whether made before or after June 2, 1924. Section 278d does not speak of assessments *hereafter* made, but of assessments generally. In re-enacting this provision in section 278d of the act of 1926, in order to set at rest any doubt about the intent of the words, Congress inserted a parenthesis—"(whether before or after the enactment of this act)." The assessment in this case, made within five years after the filing of the return, and within six years before the filing of the proof of claim, saves this tax from the bar.

[9, 10] But section 278e is said to compel the opposite conclusion. It declares: "This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this act such assessment, distraint or proceeding was barred by the period of limitation then in existence; or (2) affect any assessment made or distraint or proceeding in court taken before the enactment of this act." 26 USCA § 1062 (Comp. St. § 6336½zz[5]). The plain meaning of the first clause is that if, on June 2, 1924, it was, under the provisions of previous statutes, too late to assess a tax, the new statute should not authorize the assessment, and if too late, under previous statutes, to distrain or sue, no distraint or suit should be had under the new statute. The present assessment was not made under the new statute, and it was not, on June 2, 1924, too late to sue under previous statutes; so this clause has no present application.

The second clause seems equally plain, and means that, if an assessment had been made prior to June 2, 1924, it shall not be affected by the new statute; that is to say, it shall be no better and no worse as an assessment, and, if a distress or suit has been begun before that date, it also shall be unaffected by the limitations of the new statute. It is not enacted that the provisions of the new statute shall not apply *to a tax* where a valid assessment was made before June 2, 1924. No reason can be thought of for imputing any such intent to Congress. While a shorter period of limitations was fixed for more recent taxes, it was known that behind 1921 was a great mass of unassessed and uncollected taxes. The period of five years was retained in which an assessment or a suit without assessment must be had on them. But where, within that time, the taxpayer had solemn notice of assessment of the claim, and thereby it was liquidated with prima facie correctness, more time was desired to be given for adjustment and payment before enforcement was to be compelled.

An assessment on June 1, 1924, differed in nothing from one on June 3d, whether from the standpoint of the taxpayer or the government. Section 278e was not intended to make a distinction, where there was no difference. It did not exclude from the new scheme of limitations tax claims that had been assessed prior to June 2, 1924, but only declared that such assessments stood unaffected as assessments. Such an assessment, if timely and valid when made, remained a good assessment, and as capable of being a starting point for the new limitation as one made after June 2d. The *proceeding in court* here dealt with was begun long after June 2, 1924, and the second clause of 278e does not apply to it at all. It rests upon an *assessment*, to which that clause does apply, but only to declare it unaffected, as good an assessment as it ever was, and such an assessment as section 278d makes the basis for the new six-year limitation. Sections 277a (3) and 278d of the act of 1926 are but a clarifying re-enactment of 277a(2) and 278d of the act of 1924, and should set at rest any doubt as to the original congressional intent.

I think the proof of claim is not barred, and ought to be allowed, if otherwise correct.