## FLORSHEIM BROS. DRY GOODS CO. v. UNITED STATES.

District Court, W. D. Louisiana, Shreveport Division. February 4, 1928.

No. 1623.

1. Limitation of actions ⬅➡11(1)—No limitation applies to government, except as permitted by statute.

Matter of prescription or limitations applicable to claim of government is one of grace, and limitation applies only where allowed by statute.

2. Internal revenue ⬅➡25, 28(1)—Taxpayer's agreement, extending government's time for assessment and collection of income and profits taxes for one year, did not necessarily require both assessment and collection within year (Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt (d); Revenue Act June 2, 1924, 43 Stat. 253).

Stipulation between taxpayer and government, under Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt (d), by which taxpayer consented "to a determination, assessment, and collection of the amount of income, excess profits, or war profits taxes for the year 918 * * * for a period of one year

26 F.(2d)—32½

after the expiration of the statutory period of limitation * * * within which assessment of taxes may be made for the year or years mentioned," did not necessarily require both assessment and collection of taxes within the additional year, since agreement was made with respect to power of Congress to change the law, and six-year period for collecting taxes under previous assessment was permitted under Revenue Act June 2, 1924 (43 Stat. 253).

3. Internal revenue ⬅➡28(1)—Government's collection of 1918 income and excess profits taxes, where assessment was made within year during which extension for assessment and collection was given, held not barred (Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt(d); Revenue Act June 2, 1924, 43 Stat. 253; Revenue Act 1926, § 278 (d), 26 USCA § 107).

Where taxpayer entered into agreement with government under Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt (d), consenting that income and excess profits taxes for year 1918 might be assessed and collected for one year after expiration of statutory period of limitation, and taxes were assessed within one year under Revenue Act June 2, 1924, 43 Stat. 253, right of government to collect the taxes was not barred by expiration of the one-year period, since time for collection was extended for six years additional under 1924 Revenue Act, notwithstanding Revenue Act 1926, § 278 (d), 26 USCA § 107, permitting collection within six years or prior to expiration of any period agreed upon.

4. Internal revenue ⬅➡38(12)—Deputy Commissioner's letter to taxpayer, stating that taxes had been assessed, held sufficient proof of assessment of income and excess profits taxes within extension period (Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt(d).

Where Deputy Commissioner mailed letter to taxpayer within one-year period during which time assessment and collection of income and excess profits taxes had been extended under Revenue Act 1921, § 250 (d), Comp. St. § 6336⅛tt (d), stating that "there has been assessed against you an income tax" assessment within year, was sufficiently proved, without showing any particular form of assessment, though demand for payment bore date subsequently.

5. Evidence ⬅➡71—It was presumed that letter from Deputy Commissioner, offered in evidence by taxpayer, suing to recover back taxes, was duly and timely received.

Where plaintiff, in suit to recover taxes, offered in evidence letter from Deputy Commissioner giving notice of assessment, it must be presumed that the letter was duly and timely received.

At Law. Suit by the Florsheim Bros. Dry Goods Company against United States. Decree for defendant.

Wise, Randolph, Rendall & Freyer, of Shreveport, La., for plaintiff.

Philip H. Mecom and J. Fair Hardin, both of Shreveport, La., for the United States.

DAWKINS, District Judge. Plaintiff brings this suit to recover back from the government the sum of $11,517.57, paid under protest as income, war profit, and excess profit taxes for the year 1916. It made a tentative return before the 15th of March, 1919, and obtained an extension under which its final figures were submitted and filed on June 16th of that year. Subsequently there was a re-examination of the return and on March 1, 1924, an agreement was signed with the government, reading as follows:

"In pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921, Florsheim Bros. Dry Goods Co., Ltd., of Shreveport, La., and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess profits, or war profits taxes due under any return made by or on behalf of the said Florsheim Bros. Dry Goods Co., Ltd., for the year 1918 under the Revenue Act of 1921, or under prior income, excess profits, or war profits tax acts, or under section 38 of the act entitled 'An act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes,' approved August 5, 1909. This waiver is in effect from the date it is signed by the taxpayer, and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waivers already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned."

On June 10, 1925, the Deputy Commissioner mailed to plaintiff the following letter, to wit:

"In accordance with the provisions of section 274 (d) of the Revenue Act of 1924, *there has been assessed* against you an income and profits tax amounting to $11,282.-15 for the taxable year 1918, the details of which are set forth in the attached statements.

"Under the provisions of section 279 (a) of the act, you have the right to file with the collector of internal revenue, within ten days after notice and demand for payment, a claim for abatement of this tax or any part thereof. The claim should have attached to it all evidence and data upon which you rely for support thereof, and should be accompanied by a bond not exceeding double the amount of the claim, with such sureties as the Collector deems necessary. When the claim is received by the collector it will be transmitted to the Commissioner of Internal Revenue, Washington, D. C., who will notify you of the action taken."

Attached thereto was the following statement:

"Deficiency in Tax.

"Calendar Year 1916. $11,282.15.

"You are advised that, after careful consideration and review, your application under the provisions of section 327 for assessment of your profits tax as prescribed by section 328 of Revenue Act of 1918, has been allowed. Your profit tax is based upon a comparison with a group of representative concerns which in the aggregate may be said to be engaged in a like or similar trade or business to that of your company.

"The result of the audit under the above-mentioned provisions is as follows:

| | | |
|---|---|---|
| Profits tax, section 328...................... | | $71,135 36 |
| Net income, Bureau letter dated May 21, 1924........... | $132,648 81 | |
| Less additional depreciation allowed on furniture and fixtures, capitalized 10 per cent. of $1,000.00.............. | 100 00 | |
| Corrected net income......... | $132,548 81 | |
| Less profits tax..... $71,135 36 | | |
| Exemption .......... 2,000 00 | 73,135 36 | |
| Balance taxable at 12 per cent. | $ 59,413 45 | 7,129 61 |
| Total tax assessable...................... | | $78,264 97 |
| Tax previously assessed, account No. 41732 ...................................... | | 66,982 82 |
| Additional tax............................. | | $11,282 15" |

Subsequently, under date of June 18, 1925, there was mailed to the taxpayer a green slip, reading:

"Notice and Demand for Income Tax, United States Internal Revenue Service.

"Notice is hereby given that there has been assessed against you the amount stated herein. Demand is hereby made for immediate payment of said tax. If payment is not made within ten days after date of this notice, the act provides that interest at the rate of 1 per cent. per month will accrue from the due date.

"Date: June 18, 1925.

"To the Collector of Internal Revenue at New Orleans.

| Name and Address. | Items. | Total Assmnt. |
|---|---|---|
| Florsheim Bros. Dry Goods Co., Ltd., Shreveport, La. 518 Commerce St. Jun OO C SPL No. 4. | | $11,282.15 |

"Return this form with remittance."

Thereafter the sum claimed was paid in installments as follows:

August 31, 1925, paid on tax........ $1,282.15
September 4, 1925, interest on tax... 112.82
September 28, 1925, paid on tax..... 2,000.00
September 28, 1925, interest on tax.. 50.00
October 29, 1925, paid on tax....... 2,000.00
November 2, 1925, interest on tax... 40.00
November 30, 1925, paid on tax.... 2,000.00
November 30, 1925, interest on tax.. 30.00
January 2, 1926, paid on tax........ 520.19
January 2, 1926, interest on tax..... 2.60

This suit was filed on October 15, 1926, for a refund.

The only issue is the one of prescription or limitations. It is contended that, because these additional taxes were collected upon the return for the year 1918, both the right to assess and collect would have expired on June 16, 1924, but for the stipulation of waiver signed by the taxpayer on March 1, 1924, above quoted, and that, inasmuch as the agreement was made under the law as it stood when executed, both its language and effect was to extend only the rights and remedies as they existed at that time; that is, the government was bound to *assess and collect* the taxes within the stipulated year of extension.

It is conceded by the government that, but for the extension, these additional taxes would have had to be assessed and collected prior to June 16, 1924, but it claims that, since the assessment was made within the extended period, thereupon the provisions of the Revenue Act of 1924 became operative, and the government had six additional years in which to collect.

[1-3] It will be noted that the agreement itself refers to and is made "in pursuance of the provisions of subdivision (d) of section 250 of the Revenue Act of 1921," and the taxpayer and Commissioner "consent to a determination, assessment, and collection of" the taxes due under any return made by or on behalf of the taxpayer "for the year 1918 under the Revenue Act of 1921, or any prior" acts. It is to remain in effect "for a period of one year after the expiration of the statutory period of limitation or the statutory period of limitation as extended * * * within which assessment of taxes may be made for the year or years mentioned." In the meantime—that is, between the date of the making of the agreement and the assessment and collection of the taxes in this case —the Revenue Act of 1924 (43 Stat. 253) was approved on June 2, 1924, which has been construed by the Circuit Court of Appeals for this circuit in the case of U. S. v. Crook et al., 18 F.(2d) 449, as giving the

government six years within which to make collection, provided the assessment was made within the statutory period of five years. To this extent at least, it was decided that the act of 1924 was applicable to the taxes accruing prior thereto and specifically for the year 1918, as the taxes in that case were for the same year as the present one. I apprehend, in view of this decision, if, notwithstanding the said agreement made on March 1, 1924, after the passage of the Act of June 2, 1924, the Commissioner had assessed the taxes before June 16th of that year, he would have had six additional years in which to make collection, as this would have put the case squarely within the ruling in U. S. v. Crook et al., just cited.

But the matter of prescription or limitations applicable to the claims of the government is one of grace, for it is the universal rule that none such run against the sovereign except as allowed by statute. Therefore, in order for the plaintiff to escape in this instance, it is necessary that it point to circumstances which clearly bring it within that category. It must be remembered that the agreement was made both with respect to the law as it then existed and to the power of Congress to change it. In other words, the Act of June 2, 1924, could have not only extended the right to both assess and collect the taxes, but might have removed all limitations thereon had Congress seen fit so to do. However, it did not go that far, but did provide, as held in the Crook Case, if the assessment was made within the five years, the taxes might be collected at any time within six years thereafter. While the agreement recites that the parties "consent to a determination, assessment, and collection" of the taxes, it does not in that sentence declare that all of these acts shall be performed within the year. On the other hand, the concluding sentence reads that: "This waiver is in effect from the date it is signed by the taxpayer, and will remain in effect for a period of one year after the expiration of the statutory period of limitation or the statutory period of limitation as extended by any waivers already on file with the *Bureau, within which assessment of taxes may be made for the year or years mentioned.*"

The effect of this is to say that the assessment might be made up to the last minute of the period as extended, and, if this could be done, it must have been contemplated that, if assessed during that time, such a procedure would be for some practical purpose; yet, if the taxes had also to be collected within that time, this would hardly be possible in

event the assessment was made on or about the last day. It is thus seen that under the language of the agreement it is by no means clear that the right to collect should be lost, if not exercised within the extended period. On the other hand, the inference to be drawn from the wording of this last sentence is rather strong that the assessment was the main thing to be accomplished within that time. It is true that, but for the act of 1924, both rights would have expired on June 16, 1924; but, since Congress had the power to extend them, and it did enlarge the time for collection if the assessment was timely made, it must be held, in the absence of a clear and conclusive agreement lawfully made, that the effect was to enlarge the period for collection to six years, where the assessment was made either within the statute or within the time of any conventional extension.

Counsel for plaintiff cites paragraph (d) of section 278 of the Revenue Act of 1926 (26 USCA § 107), which provides that, where the assessment has been made in accordance therewith, proceedings to collect shall be allowed only if commenced "(1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon * * * by the Commissioner and the taxpayer." However, I hardly think that this was intended to permit an agreement which would shorten the six-year period, but was rather to cover cases where, if the government failed to institute proceedings for collection within that time, the taxpayer might escape the consequences of execution by consenting, within six years, to collection after the running of such delay. Otherwise, it would have the effect of empowering the Commissioner to disregard this long period allowed by the statute, and to consent to a shortening thereof to three months or less, even if the assessment was timely made, which, of course, would scarcely be contended. See In re McClure (D. C. Ga.) 21 F.(2d) 538; United States v. Russell et al. (C. C. A.) 22 F. (2d) 249.

[4, 5] It is also contended that there was never any assessment of the additional taxes within the period as extended; that is, prior to June 16, 1925. However, the letter of June 10, 1925, with statement of the taxes claimed, quoted earlier in this opinion, states clearly that, "in accordance with the provisions of section 274 (d) of the Revenue Act of 1924, *there has been assessed* against you [the plaintiff] an income tax amounting to $11,282.15, for the taxable year 1918, the details of which are set forth in the attached statement." There also appears upon the original return as filed June 16, 1924, the notation, appearing to have been stamped upon its face in a square block, headed "Audited": "Tax liability increase $11,262.15," signed by "I. Graff," dated "Feb. 2 [or 7], 1925." I take it that this was all that was necessary to constitute an assessment, as nothing has been pointed out to show that any particular form was required to accomplish that result. There is no denial that the letter of June 10, 1925, was duly and timely received, and it must be presumed that it was, as it was offered in evidence by the plaintiff. It is true that the green slip, also quoted and referred to hereinabove, bore date June 16, 1925; but this was in the nature of a demand or bill, with warning to pay within 10 days or the taxpayer would incur the statutory penalty of 1 per cent. a month. From this I think it is shown that there was an assessment prior to June 16, 1925.

My conclusion is that the plea of limitations cannot be sustained, and there should be judgment rejecting plaintiff's demand. Appropriate indorsements, showing the granting or refusing of requested findings of fact and rulings of law, have been noted upon said motions.

A decree in accordance with these views may be presented, at which time all exceptions will be settled.