FLORSHEIM BROS. DRY GOODS CO.,
Limited, v. UNITED STATES. *

Circuit Court of Appeals, Fifth Circuit.
December 19, 1928.

No. 5295.

*Rehearing denied March 1, 1929.

A. B. Freyer, of Shreveport, La. (Wise, Randolph, Rendall & Freyer, of Shreveport, La., on the brief), for appellant.

Philip H. Mecom, U. S. Atty., of Shreveport, La. (J. Fair Hardin, Asst. U. S. Atty., of Shreveport, La., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and William E. Davis, Special Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This was a suit by appellant to recover back the amount of taxes which it paid under protest upon its income, war profits, and excess profits for the year 1918. It was based on the sole ground that the government forced collection of the taxes after the running of the statute of limitations. The District Court held that the taxes were collected within the period prescribed by law, and entered judgment dismissing the suit.

On March 15, 1919, appellant filed a tentative tax return for the year 1918, and received an extension of time for filing its completed return, which was made on June 14, 1919. In March 1, 1924, appellant and the Commissioner of Internal Revenue signed a written or printed instrument in the following form: "In pursuance of the provisions of subdivision (d) of Section 250 of the Revenue Act of 1921, Florsheim Bros. Dry Goods Co. Ltd., of Shreveport, La., and the Commissioner of Internal Revenue, hereby consent to a determination, assessment, and collection of the amount of income, excess-profits or war-profits taxes due under any return made by or on behalf of the said Florsheim Bros. Dry Goods for the year 1918 under the Revenue Act of 1921. * * * This waiver is in effect from the date it is signed by the taxpayer and will remain in effect for a period of one year after the expiration of the statutory period of limitation, or the statutory period of limitation as extended by any waiver already on file with the Bureau, within which assessments of taxes may be made for the year or years mentioned."

The additional taxes here involved were assessed by the commissioner on June 11, 1925, and were paid under protest on dates later than June 14, 1925.

Under § 250(d) of the Revenue Act of 1921 (42 Stat. 264), it was required that taxes for prior years, including 1918, should be returned and assessed within five years "after the return was filed, unless both the Commissioner and the tax-payer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed." As a final return was made on June 14, 1919, the statute of limitations, unaffected by the written consent, would have run on June 14, 1924. It is suggested in argument that the statutory period of limitations began to run from the date of the tentative return in March of 1919; but we are of opinion that the return meant by the statute was the final or completed return.

The consent in writing, entered into by appellant and the Commissioner, had the effect of extending the limitation of the statute for one year or until June 14, 1925. The Revenue Act of 1924, which became effective on June 2, 1924, by section 278(d), 26 USCA § 1061, provides that a tax which had been assessed within the period prescribed by law could be collected by distraint or by a proceeding in court begun within six years after the assessment thereof. As the taxes here involved were assessed on June 11, 1925, they were assessed within the statutory period of five years as extended by the written consent of appellant and the Commissioner. In United States v. Crook, 18 F.(2d) 449, this court held that, if the statutory period of limitations had not expired at the time of the passage of the Revenue Act of 1924, and if the assessment of the tax had been timely made after its passage, the period for collection was extended for six years from the date of the assessment. A result of that decision is that the collection of taxes in the instant case was not barred by the statute of limitations. The consent in writing simply served to enlarge the period of limitations and otherwise to leave unchanged the provisions of law relating to collection as well as to determination and assessment of the taxes. The form adopted is in strict compliance with section 250(d) of the Act of 1921, and it was not intended by that section to authorize an agreement by the Commissioner to change the existing rights of the parties. Postponement of the period of limitation was all that was authorized by the law or attempted by the consent in writing. This case does not in any wise differ in principle from the case of United States v. Crook, supra.

The judgment is affirmed.