## LOEWER REALTY CO. v. ANDERSON, Collector of Internal Revenue.

Circuit Court of Appeals, Second Circuit.
March 4, 1929.

No. 175.

Charles H. Tuttle, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Paskus, Gordon & Hyman, of New York City (Arthur B. Hyman, of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The question before us is whether the taxes were exacted at a time when the right to collect them was barred by the statute of limitations. When the taxpayer's return was filed on April 14, 1921, the Revenue Act of 1918 was in effect. That act (section 250 (d), 40 Stat. 1083) provided that the amount of the tax should be assessed by the Commissioner within five years after the return was made, and that no suit or proceeding for collection should be begun after five years after the date when the return was due or was made. Revenue Act 1921, § 250 (d), contained similar provisions relating to the assessment and collection of taxes due under prior income tax acts, and provided that taxes for prior years should be assessed within five years after the return was filed, unless the Commissioner and taxpayer consented to a later assessment, and added "that no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after such return was filed. When the waiver was signed in December, 1925, about four months still remained under both the act of 1918 and the act of 1921 (42 Stat. 227), within which the collector might assess and collect the additional taxes.

Prior, however, to the time when the waiver was obtained, the Revenue Act of 1924 had taken effect. By that act it was similarly provided in section 277 (a) (2), 43 Stat. 299 (26 USCA § 1057, note), that in-

come taxes imposed by prior acts should be assessed within five years after the return was filed. It also provided in section 278 (c), 26 USCA § 1060, that, where the Commissioner and the taxpayer consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment, the tax might be assessed at any time prior to the expiration of the period agreed upon. In section 278 (d), 26 USCA § 1061, note, the act went on to say that, where the assessment of the tax was made within the period prescribed in section 277 *"or in this section,"* the tax might be collected by a proceeding begun within six years after the assessment of the tax. It is entirely clear that the words *"or in this section"* were placed in the statute in order to give the government six years within which to collect the tax after an assessment made either within five years succeeding the filing of the return, or within any extended period agreed to by the Commissioner and the taxpayer. So, when the waiver was signed on December 21, 1925, it had full warrant under section 278 (c) of the act of 1924. By its terms, the Commissioner had until December 31, 1926, to make the assessment for additional taxes, and he made the assessment in July, 1926, and collected the tax in September, 1926, while the time called for by the waiver was still running.

But on February 26, 1926, a new Revenue Act went into effect, known as the "Revenue Act of 1926." That act provided that assessment of income taxes imposed under prior acts should be assessed within five years after the return was filed. It went on in section 278 (c), (d), and (e), 26 USCA §§ 1060-1062, to say:

"(c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.

"(d) Where the assessment of any income, excess profits, or war profits tax imposed by this title or by prior Act of Congress has been made (whether before or after the enactment of this Act) *within the statutory period of limitation properly applicable thereto,* such tax may be collected by distraint or by a proceeding in court (begun before or after the enactment of this act), but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer.

"(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this act."

It is contended by the plaintiff that section 278 (d), 26 USCA § 1061, of the act of 1926 precluded the collection of any tax that had not been assessed within five years after the filing of the return and this because of the words "within the statutory period of limitation properly applicable thereto." But such an interpretation gives no effect whatever to section 278 (c), providing in substance that, where a waiver is signed, "the tax may be assessed at any time prior to the expiration of the period agreed upon." It also involves a complete change in legislative policy over the act of 1924, although the language of section 278 (c) in the two acts providing for a consent in writing to the assessment of the tax after the time prescribed in section 277 is identical.

Statutes of limitation barring the collection of taxes must receive a strict construction in favor of the government. Limitation will not be presumed, in the absence of clear congressional action. E. I. Dupont de Nemours & Co. v. Davis, 264 U. S. at page 462, 44 S. Ct. 364, 68 L. Ed. 788; Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. at page 349, 47 S. Ct. 389, 71 L. Ed. 676. But it is not necessary to invoke such a rule here. The plain purpose of section 278 of the act of 1926, as that of section 278 of the act of 1924 and section 250 (d) of the act of 1921 (42 Stat. 265), was to give the Commissioner additional time to assess taxes if he could obtain the consent of the taxpayer. Plaintiff's interpretation of the act of 1926 would render the consent valueless. But it is perfectly consonant with the language of section 278 (c) to say that the words "statutory period of limitation applicable thereto" were intended to include both the five years allowed to make the assessment where no extension had been agreed to, and the five years, plus the extended period, in case a waiver had been signed. Each period is "statutory," for the statute provides for them both. In our opinion, a fair reading of the act of 1926 shows that the Commissioner was within his rights in making the assessment within the extended period, and that the collector

was authorized to require payment of the taxes within six years after such an assessment. Florsheim Bros. Dry Goods Co. v. United States (C. C. A.) 29 F.(2d) 895. See, also, United States v. Crook (C. C. A.) 18 F.(2d) 449.

It is objected that the waiver was without consideration, but the statute requires nothing but a consent, without mentioning consideration, and the taxpayer should not in any event be allowed to repudiate a consent upon which the Commissioner has relied.

The judgment is reversed, and the case remanded, with directions to grant defendant's motion to dismiss the complaint.