## COLUMBIAN IRON WORKS v. BROCK, Collector of Internal Revenue.
### No. 1926.

District Court, D. Tennessee.
Sept. 28, 1929.

Morris D. Kopple, of New York City, and J. J. Lynch, of Chattanooga, Tenn., for plaintiff.

A. V. McLane, U. S. Atty., of Nashville, Tenn., and Frank J. Ready, Jr., Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

GORE, District Judge.

The sole question presented here is whether or not the taxes sued for were barred by the statutes of limitation at the time the assessment and payment was made.

The taxes in question were assessed and collected more than five and more than six years after the date of the respective returns; the defendant's contention being, however, that the assessment and collection was made within the time agreed upon by written waivers, signed by the taxpayer and the Commissioner of Internal Revenue. It is conceded by counsel for defendant that, if the waivers relied upon had not been ex-ecuted, under the authority of Bowers v. N. Y. & Albany Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676, the government would have been unable to defend successfully this action by the taxpayer, seeking the refund of the taxes which was based upon their enforced exaction under duress or compulsion and through resort by the government officers to administrative process. The taxes accrued under the Revenue Acts of 1916, 1917, and 1918, but the additional assessments now in dispute were made on January 27, 1926, and collections were made on February 5, 1926, while the Revenue Act of 1924 was in effect.

The issue is governed by the Revenue Act of 1918 (40 Stat. at Large, 1057), the Revenue Act of 1921 (42 Stat. at Large, 227), and the Revenue Act of 1924 (43 Stat. at Large, 253).

Section 250(d) of the Revenue Act of 1918 (40 Stat. 1083) provides that "except in the case of false or fraudulent returns with intent to evade the tax, the amount of tax due under any return shall be determined and assessed by the Commissioner within five years after the return was due or was made, and no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made. * * * "

Section 250(d) of the Revenue Act of 1921 (42 Stat. 265) contains similar provisions relating to the assessment and collection of taxes due under prior income tax acts, and provides that the taxes for prior years should be assessed within five years after the return was filed, "unless both the Commissioner and taxpayer consent in writing to a later determination, assessment, and collection of the tax; and no suit or proceeding for the collection of any such taxes * * * shall be begun, after the expiration of five years after the date when such return was filed. * * * "

By section 277(a) (2) of the Act of 1924 (43 Stat. 299), it is provided that "the amount of income, excess-profits, and war-profits taxes imposed by the Act entitled * * * approved August 5, 1909, the Act entitled * * * approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period."

Section 278, subdivision (c) of said act (43 Stat. 300), is as follows: "Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon." And subdivision (d): "Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court begun within six years after the assessment of the tax. * * *" And subdivision (e) of said act: "This section shall not (1) authorize the assessment of a tax or the collection thereof by distraint or by a proceeding in court if at the time of the enactment of this Act such assessment, distraint, or proceeding was barred by the period of limitation then in existence. * * *"

Following are the dates of the filing of the returns and the last day to make assessment or collections under the statutes in force, unless the time was extended by written waivers:

| Taxable Year. | Return Filed. | Last Day to Assess or Collect. |
|---|---|---|
| 1916 | March 29, 1917 | March 29, 1922 |
| 1917 | March 30, 1918 | March 30, 1923 |
| 1918 | June 16, 1919 | June 16, 1924 |

■ A waiver to be valid to extend the time for assessment and collection must have been executed prior to the date of the running of the statutes of limitation. To state it differently: If the written agreement extending the time for assessment and collection of the taxes was not executed prior to the expiration of the time fixed by law for the assessment of same, a waiver then executed would be ineffectual to restore the government's right to assess and collect the taxes by distraint, suit, or otherwise. Loewer Realty Co. v. Anderson, Col. of Int. Rev. (C. C. A. 2) 31 F.(2d) 268; Joy Floral Co. v. Com. of Int. Rev., 58 App. D. C. 277, 29 F.(2d) 865.

■ The first agreement relative to the 1916 and 1917 taxes, dated June 29, 1925, and filed July 9, 1925, can hardly be called a "waiver" extending the time for the "assessing" of the 1916 and 1917 taxes, but it is a consent to a disallowance as a deduction for depreciation for said years previously allowed on the shell plant in excess of the amount the taxpayer then requested, and "waiving" any rights the taxpayer had "by reason of the fact that any additional assessments resulting therefrom were not made within the statutory period as required by the various Revenue Acts." The first waiver extending the time for assessing the 1917 tax was executed on July 28, 1925, extending the time for the assessment until December 31, 1926, which was filed with the Commissioner on August 3, 1925.

It is therefore apparent that there was no valid waiver or waivers extending the time for the assessment or collection of additional taxes for the years of 1916 and 1917, and the assessments and collection of said taxes for these years were invalid, and without authority, because said waivers were not executed within five years after the returns were made, and plaintiff is therefore entitled to recover the amount paid thereon, with interest from date of payment, February 5, 1926.

■ There are five waivers in the record, extending the time for the assessment and/or collection of the 1918 taxes; the first being an undated "assessment" waiver, but the proof showing that it was executed between 1923 and 1925, and waives "any statutory limitation as to the time in which such taxes should have been assessed." The second is dated December 11, 1923, and extended the time for a "determination, assessment and collection" of the 1918 taxes for the period of one year from the date thereof, or until December 11, 1924. The third is dated November 8, 1924, and extended the time for "assessment" and "collection" until December 11, 1925. The fourth is dated June 29, 1925, and filed July 9, 1925, and extended the time for assessment until December 31, 1925. The next waiver is dated November 21, 1925, and extended the time for making assessment until December 31, 1926.

At the time of the execution of the undated waiver, some time between 1923 and 1925, and also at the time of the execution of the second waiver, dated December 11, 1923, the statutory period for assessment and/or collection of the 1918 taxes had not expired; hence these waivers were effectual to extend the time for assessment and collection until December 11, 1924, thereby preventing the statute from running. Prior to the expiration of this date (December 11, 1924), and on November 8, 1924, another waiver was executed which was valid to extend the time for assessment and collection of the 1918 taxes for a period of one year from the date of the expiration of the time limit in the previous waivers, or until December 11, 1925. On June 29, 1925 (which was prior to the expiration of the time agreed upon in the third waiver), the fourth was

executed, and filed with the Commissioner on July 9, 1925; the fifth and last waiver was executed on November 21, 1925, and filed November 24, 1925, extending the time for "assessment" of the 1918 taxes until December 31, 1926. It is therefore seen that the second waiver was executed before the assessment and collection of the 1918 taxes were barred by the statutes of limitation, and the subsequent waivers kept the assessment and collection alive until the date the additional assessment and collection was made. There was no hiatus in the waivers pertaining to the 1918 taxes. Not counting the undated waiver, which may or may not have been executed prior to the expiration of five years after the date of the return (June 16, 1919), the second waiver, dated December 11, 1923 (which was prior to five years after the return was made), extended the time for a determination, assessment, and collection until December 11, 1924, and the three last overlapping waivers were in effect consecutively until collection. There was no time intervening between the execution of the second waiver, which was prior to five years after the return was made, and the date of collection, not covered by a waiver.

■ It is urged that a valid collection cannot be made under a waiver extending the time for "assessment" only, and not for "assessment" and "collection." To my mind, this is an untenable position. It is unreasonable to think that the Congress intended to give the taxpayer and the Commissioner authority to extend the time for assessment to a period beyond that at which a collection could be made. Authority to assess a tax, without authority to collect, would be an idle gesture, and worse than useless. I do not think the statutes subject to such a construction, but, upon the contrary, I think a fair construction of the act shows that both the assessment and collection of the 1918 taxes were authorized.

Counsel for plaintiff rely, in support of their position upon this question, upon the unreported opinion of the District Judge of the Southern District of New York in the case of Loewer Realty Co. v. Anderson, Col. of Int. Rev. This case was taken by writ of error to the Circuit Court of Appeals, for the Second Circuit, where it was tried and an opinion rendered, subsequent to the date counsel prepared their brief in this case, reversing the case, and holding that a waiver of assessment only carried with it the right to collect, where the waiver had been made prior to the time in which to assess and collect taxes was barred by the statutes of limitation. 31 F.(2d) 268.

■ Counsel for plaintiff also insist that the waivers are ineffectual to extend the time for assessment and collection because same were not supported by a consideration. I think this contention unsound. No consideration was necessary, as nothing except consent was required under the law. See subdivision (c), § 278, Revenue Act of 1924 (43 Stat. 300); Loewer Realty Co. v. Anderson, supra.

It is objected that the agreement dated December 17, 1925, is insufficient in form, under section 278(c) of the Act of 1924, to constitute it a waiver, because same was not signed by the Commissioner, and that therefore this is a period which was not covered by a waiver.

I do not deem it necessary to discuss the sufficiency of this agreement as a waiver, because it does not purport to extend the time for the assessment of the deficiency tax, but it simply consents to the "immediate assessment" of the tax, but, with this agreement out of the record, there is no gap, because the time was covered by previous waivers. The third waiver executed and filed November 8, 1924, extended the time for "assessment" and "collection" until December 11, 1925. The fourth waiver, dated June 29, 1925, and filed July 9, 1925, extended the period for "assessment" until December 31, 1925; even if the agreement of December 17, 1925, should be held to be a waiver, it would be superfluous, because the foregoing waivers cover all this period of time.

The bill, in so far as it seeks a judgment for the amount of the deficiency taxes for 1918, will be dismissed. The plaintiff will pay one-third, and the defendant will pay two-thirds of the cost of the cause.

A finding of facts is tendered under separate cover, and ordered to be filed as a part of the record.