## ATLAS SECURITIES CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 8839.

Circuit Court of Appeals, Eighth Circuit.
April 13, 1932.

Alton Gumbiner, of Kansas City, Mo. (Joseph T. Owens and Winger, Reeder, Barker, Gumbiner & Hazard, all of Kansas City, Mo., on the brief), for appellant.

Norman D. Keller, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, Sp. Asst. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and May Eastman, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and CANT, District Judge.

STONE, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals redetermining a deficiency in the income and excess profits taxes of petitioner for the year 1918.

The tax return was filed June 9, 1919, and the tax as returned was then paid. On October 15, 1925, and more than a year after the applicable statute of limitations as to assessment, the petitioner and the Commissioner executed a waiver as follows:

"Income and Profits Tax Waiver October 15, 1925 (For taxable years ended prior to March 1, 1921.)

"In pursuance of the provisions of existing Internal Revenue Laws Atlas Securities Company, a taxpayer of Kansas City, Missouri, and the Commissioner of Internal Revenue hereby waive the time prescribed by law for making any assessment of the amount of income, excess-profits, or war-profits taxes due under any return made by or on behalf of said taxpayer for the years 1917 and 1918, 1919 and 1920, under existing revenue acts, or under prior revenue acts. This waiver of the time for making any assessment as aforesaid shall remain in effect until December 31, 1925, and shall then expire except that if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and (1) no appeal is filed therefrom with the United States Board of Tax Appeals then said date shall be extended sixty days, or (2) if an appeal is filed with said Board then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board."

May 14, 1926, the Commissioner issued his letter stating a deficiency of $6,942.59. The petitioner promptly appealed to the Board of Tax Appeals. On December 8, 1928, a written stipulation was filed with the Board which stipulated " * * * that there is a deficiency for the year 1918 in the amount of $3,851.80 * * *. The Board may enter its order accordingly * * * the Commissioner may assess and collect the said deficiency immediately upon the issuance by the Board of its order of redetermination *. * *." The Board entered the order on the stipulation. Thereafter, petitioner filed its motion to set aside this order. This motion was denied.

There is no dispute as to facts nor as to the amount found in the redetermination order. The question here is one of law and is whether section 1106 (a) of the Revenue Act of 1926 (44 Stat. 9, 113 [26 USCA § 1249 note]) has operated to extinguish this liability. That section is as follows: "The bar of the statute of limitations against the United States in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no credit or refund in respect of such tax shall be allowed unless the taxpayer has overpaid the tax. The bar of the statute of limitations against the taxpayer in respect of any internal-revenue tax shall not only operate to bar the remedy but shall extinguish the liability; but no collection in respect of such tax shall be made unless the taxpayer has underpaid the tax."

Petitioner argues ten points which, in our view of the case, may be disposed of under two propositions.

I. *Meaning of the Waiver.* Petitioner argues that the waiver includes, by its terms, only "assessment" and entirely omits "collection" of the tax and that, since the language of the waiver was selected by the Commissioner, it must be confined to "assessment" and should not be construed to be, also, a waiver of "collection." This position is unsound. The obvious and only purpose which the waiver could have or was intended by both parties thereto to have was to extend the time within which the Commissioner might legally determine and, thereafter, realize any deficiency. The utter futility of an assessment which could not possibly ripen into a collection is obvious. There could be no purpose in extending time for ascertaining a tax which was uncollectable. Such would be the reasonable construction of the waiver if there were no governing statutory provisions (compare Stange v. U. S., 282 U. S. 270, 277, 51 S. Ct. 145, 75 L. Ed. 335). However, this is a waiver made in pursuance and accordance with statutory authority and, therefore, is to be construed in accordance with such statute. This statute provides for a waiver of the "assessment of the tax" and defines the effect of that waiver both upon assessment and upon collection. The effect as to collection is that "such tax

may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax." 43 Stat. 253, 300, § 278 (d), 26 USCA 1061 note. The collection so provided is thus made as much a consequence of the waiver as is the "assessment" provided for in the waiver itself. In this connection, see Stange v. U. S., 282 U. S. 270, 275, 51 S. Ct. 145, 75 L. Ed. 335, and Aiken v. Burnet, 282 U. S. 277, 282, 51 S. Ct. 148, 75 L. Ed. 339; Brown and Sons Co. v. Burnet, 282 U. S. 283, 287, 51 S. Ct. 140, 75 L. Ed. 343.

II. *Effect of Section 1106 (a).* Petitioner contends that it cannot be held to have waived the protection of section 1106 (a) because it did not know of the existence of that right when the waiver was made and, at any rate, the section extinguished the liability in spite of the waiver. The first proposition may be shortly disposed of by saying that the right in question did not exist when the waiver was made and lack of knowledge that thereafter the right might arise cannot affect the force of the waiver. The governing statutes, at the time of the waiver, provided that the tax should be assessed within five years after filing the return, 43 Stat. 253, 299, § 277 (a)(2), 26 USCA § 1057 note, or within any period thereafter consented to in writing by the taxpayer and the Commissioner, 43 Stat. 253, 300, § 278 (c), 26 USCA § 1060 note. This waiver was made in accordance with the above statutory provisions and, had there been no further legislation, there could have been no question of its efficacy to extend the time for assessment beyond the date of this deficiency assessment by the Commissioner. But section 1106 (a) was enacted in 1926 and petitioner contends that it changed the status. The argument is that this section was retroactive and destroyed the tax liability and that where the liability is destroyed a waiver which went only to the remedy is ineffective to preserve the liability. It may be conceded that the section was intended to be retroactive in the sense that it might destroy rights theretofore existing. Also, it may be conceded that the destruction of a right or liability must necessarily carry with it the disappearance of the enforcing remedy. But these concessions do not solve the matter here. There remains the controlling determination of the application of this section intended by Congress. The section reads that "the bar of the statute of limitations * * * shall not only operate to bar the remedy but shall extinguish the liability" for the tax. It is significant that Congress stated that the statute of limitations should not only bar "the remedy." It had something definite in mind and we know what that was. It was to prevent the government enforcing an existing liability in spite of the existing bar of the remedy by the statute. This situation arose in the Toxaway Mills Case, 61 Ct. Cl. 363, and the committee reports of Congress are definite that it was to correct the situation brought about by that case that this section was enacted (H. R. Report 356, pp. 30, 55, 69th Cong. 1st. Sess.). Obviously, neither the barring of the remedy nor the extinguishment of the right is to be applicable except to a situation where the bar of the statute of limitations existed. Therefore, the crucial inquiry here narrows to that of whether the bar of the applicable statute of limitations existed here. The applicable statutes of limitations (as said above) are sections 277 and 278 of the Revenue Act of 1924 (43 Stat. 253, 299, 300). Both sections are part of a whole—section 278 (c) being a qualification of section 277 (a) (2). The force and effect of section 278 (c) is to extend the statutory period of section 277 (a) (2) when and to the extent provided for by the waiver authorized in section 278 (c). As said concerning a similar provision in the act of 1921, "It barred collection in any manner after five years *only in case no waiver was given.*" Stange v. U. S., 282 U. S. 270, 274, 275, 51 S. Ct. 145, 147, 75 L. Ed. 335 (italics supplied). Also see Brown and Sons Co. v. Burnet, 282 U. S. 283, 286, 51 S. Ct. 140, 75 L. Ed. 343; Loewer Realty Co. v. Anderson, 31 F.(2d) 268, 269, C. C. A. 2; Loewy and Son v. Commissioner, 31 F.(2d) 652, 655, C. C. A. 2; Florsheim Bros. D. G. Co. v. U. S., 29 F.(2d) 895, 896, C. C. A. 5. Therefore, the bar of the statute, intended in section 1106 (a), did not exist until the termination of the period covered by the waiver. The waiver here effectively extended the limitation until December 31, 1926, and the deficiency assessment was made before that date. Hence, section 1106 (a) did not apply and the assessment is not barred.

Counsel have argued the effect of the repeal of section 1106 (a), but we think it unnecessary to discuss that matter, since the above is determinative of this controversy.

The order of the Board of Tax Appeals is affirmed, and this petition for review dismissed.