## W. P. BROWN & SONS LUMBER COMPANY *v.* BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 115. Argued December 3, 1930.—Decided January 5, 1931.

*Mr. W. W. Spalding* for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher,* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Joseph H. Sheppard,* and *Bradley B. Gilman* were on the brief, for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

On April 1, 1918, W. P. Brown & Sons Lumber Company filed its income and profits tax return for the year 1917. The tax thereon was duly paid. On March 6, 1923, the Bureau of Internal Revenue duly mailed to the taxpayer notice of a deficiency. A timely appeal was taken to the Commissioner who had meanwhile, in March, 1923, made a jeopardy assessment. On March 27, 1923, the taxpayer filed a claim for abatement. On June 4, 1924, this claim and the appeal were sent by the Income Tax Unit to the Committee on Appeals and Review.[1] On October 28, 1925, the Commissioner duly mailed to the taxpayer notice of his determination, the claim for abatement being allowed in part and rejected in part. On November 18, 1925, the taxpayer appealed to the Board of Tax Appeals for a redetermination of the deficiency. There the parties stipulated the amount of the additional tax, and submitted the question whether it was barred by the statute of limitations. The Board held that it was not, 13 B. T. A. 1425; and its decision was affirmed by the Circuit Court of Appeals, 38 F. (2d) 425. This Court granted a writ of certiorari, the briefs and arguments to be " limited to the question of the validity and effect of the waivers." 281 U. S. 718.

The jeopardy assessment was clearly made in time. The return was filed April 1, 1918; the assessment was

[1] See *Williamsport Wire Rope Co.* v. *United States,* 277 U. S. 551, 563, note.

made in March, 1923. By § 250 (d) of the Revenue Act of November 23, 1921, c. 136, 42 Stat. 227, 265, a period of five years from the filing of the return, was allowed for assessment, see *Stange* v. *United States,* decided this day, *ante,* p. 270. Moreover, while there was under the Act of 1917 a limitation of three years on the period for assessment,[2] the taxpayer had duly executed and filed on December 13, 1920, before the three years expired, a waiver which extended the period for assessment to April 1, 1924.[3] This waiver was valid even though executed by the taxpayer before the Act of 1921 and not executed by the Commissioner until 1922. *Aiken* v. *Burnet,* decided this day, *ante,* p. 277. The original letter advising the taxpayer of the deficiency, the intradepartmental appeal therefrom, the jeopardy assessment, and the claim for abatement were all made in 1923 within the extended period.

The sole question for discussion is whether the right of collection has been barred under § 250 (d) of the Revenue Act of 1921 which imposed a five year limitation on col-

---

[2] There was doubt whether the 1916 and 1917 Acts required the Commissioner both to discover the error in the return and to make an additional assessment, or merely to make discovery, within three years. Revenue Act of 1916, c. 463, § 14 (a), 39 Stat. 756, 772, incorporated by reference into Revenue Act of 1917, c. 63, § 206 (c), 40 Stat. 300, 305. At that time, the Commissioner thought it sufficient that he discover the error within the three years. See Reg. 33 (Rev. ed. 1918) Art. 233. Compare *Eliot National Bank* v. *Gill,* 218 Fed. 600, 602; *United States* v. *Nashville, C. & St. L. Ry.,* 249 Fed. 678, 682; *Du Pont* v. *Graham,* 283 Fed. 300, 302, reversed on other grounds, 262 U. S. 234. Section 250 (d) of the 1921 Act extended this period for assessment to five years, (compare *United States* v. *Chicago & E. I. Ry.,* 298 Fed. 779), but provided that the time run from the filing of the return.

[3] This waiver was unlimited in time but expired April 1, 1924, under a departmental ruling promulgated April 11, 1923, Mim. 3085, I. R. Cum. Bull. II–1, p. 174. See *Aiken* v. *Burnet,* decided this day, *ante,* p. 279, note 1.

lection. See *Stange* v. *United States, supra*. No payment has been made on account of the additional tax; and no proceeding for collection has been taken, either by suit or by distraint. Unless extended by waiver, the period allowed for collection expired April 1, 1923. Three waivers were given. The first was executed by the tax-payer and filed with the Bureau December 13, 1920; was approved by the Commissioner on December 2, 1922; and expired April 1, 1924. The second was executed by both the taxpayer and the Commissioner on December 10, 1923, and expired by its terms one year from its date. The third was executed by the taxpayer and the Commissioner on October 25, 1924; and it was in terms declared to be "in effect for a period of one year after the expiration of the statutory period of limitation within which assess-ments of taxes may be made for the year or years men-tioned, or the statutory period of limitations as extended by Section 277 (b) of the Revenue Act of 1924, or by any waivers already on file with the Bureau." All three waivers were effective in extending the period for collec-tion. The first was valid although executed by the tax-payer before the Act of 1921 and not executed by the Commissioner until 1922, and operative even though it did not make express reference to collection. *Aiken* v. *Burnet*, decided this day, *ante,* p. 277. The second was valid because given within the period as extended by the first. The third was valid because given within the period as extended by the second. Moreover, both were valid although given after five years from the date of the filing of the return.[4] See *Stange* v. *United States, ante,* p. 270.; *Burnet* v. *Chicago Railway Equipment Co., post,* p. 295. In terms, both covered collection. The third had not ex-

---

[4] Inasmuch as the second and third waivers were in themselves sufficient to extend the period for collection, the first waiver may be disregarded in this connection, as was done by the lower court. See 38 F. (2d) 428.

pired when the appeal was taken to the Board of Tax Appeals on November 18, 1925.

Whether the right of collection became barred thereafter depends upon the construction to be given to the applicable statutes. The taxpayer contends that the right of collection was barred on December 10, 1925, that is twenty-two days after the appeal to the Board of Tax Appeals had been taken, although this appeal was then pending without having been heard, and indeed could not have been heard under the practice of the Board. See Rule 15, 1 B. T. A. 1289; Rules 24–25, 7 B. T. A. 1361–62. Besides the Act of 1921, provisions of the Revenue Act of 1924 and of the Revenue Act of 1926 are relied upon. The argument is that despite the appeal to the Board, the Commissioner was at all times at liberty to enforce payment of the tax as assessed by the jeopardy assessment or as later reduced; that hence, collection was barred on December 10, 1925, by § 250 (d) of the 1921 Act; and that there was nothing in either the Revenue Act of June 2, 1924, c. 234, 43 St. 253 or the Revenue Act of February 26, 1926, c. 27, 44 Stat. 9, which kept alive the right of collection. The Board of Tax Appeals rested its decision on provisions of the 1924 Act;[5] the Circuit Court of Appeals on those and also on the 1926 Act. Only the latter act need be considered.

Section 283 (f) of the Revenue Act of 1926, 44 Stat. 64, provided:

[5] It relied upon G. L. Ramsey v. Commissioner, 11 B. T. A. 345, where it has held that on a jeopardy assessment which had been made within the five year period as extended by a valid waiver, the Commissioner had, under § 278 (d) of the Revenue Act of 1924, six years after the assessment within which to commence proceedings for collection, even though the parties had agreed in the waiver for a different period for collection. The Board held further that there was nothing in § 278 (d) of the Revenue Act of 1926 which restricted this period to that mentioned in the waiver.

" If any deficiency [in any 1916–21 income or profits taxes] . . . was assessed before June 3, 1924, but was not paid in full before that date, and if. the Commissioner after June 2, 1924, but before the enactment of this Act finally determined the amount of the deficiency, and . if the person liable for such tax appealed before the enactment of this Act to the Board and the appeal is pending. before the Board at the time of the enactment of this Act, the Board shall have jurisdiction of the appeal. In all such cases the powers, duties, rights, and privileges of . the Commissioner and of the person who has brought the appeal, and the jurisdiction of the Board and of the courts, shall be determined . . . in the same manner as provided in subdivision (e) of this section. . . ." [6]

This section is applicable to the case at bar. The deficiency was assessed in March, 1923; and hence before " June 3, 1924," " and was not paid." On October 28, 1925, between the effective dates of the 1924 and the 1926 Acts, the Commissioner finally determined the amount of the deficiency; and on November 18, 1925, also prior to the enactment of the 1926 Act, the taxpayer appealed to the Board of Tax Appeals. One effect of the section was to confirm the jurisdiction of the Board. [7] Another

[6] Somewhat similar provisions relating to like cases under prior estate and gift tax statutes were enacted at the same time. See Revenue Act of 1926, c. 27, §§ 318, (d), (e), and (f), 44 Stat. 9, 82–83; De Sabichi v. Commissioner, 4 B. T. A. 445.

[7] Although some doubt was expressed in Appeal of Reynolds & Reynolds Co., 1 B. T. A. 275, the Board of Tax Appeals very early took jurisdiction in these cases. Appeal of Joseph Garneau Co., Inc., 1 B. T. A. 75; Appeal of Ormsby McKnight Mitchell, 1 B. T. A. 143; Appeal of Boston Structural Steel Co., 1 B. T. A. 602; Appeal of Buffalo Slag Co., 1 B. T. A. 749. Compare Appeal of Terminal Wine Co., 1 B. T. A. 697. Following the Act of 1926, the Board has uniformly held that § 283 (f) confirmed its jurisdiction. See Appeal of Covert Gear Co., 4 B. T. A. 1025; Appeal of Elizabeth W. Strana-

effect was to make applicable to the case at bar § 274. (a) and § 277 (b) of the 1926 Act.[8] Section 274 (a) provided that no distraint or proceeding in court for the collection

han, 4 B. T. A. 1141; Appeal of Nice Ball Bearing Co., 5 B. T. A. 484; Appeal of Slater Mills, Inc., 5 B. T. A. 971; Appeal of Ocean Accident & Guarantee Corp., 6 B. T. A. 1045; Reliance Mfg. Co. *v.* Commissioner, 7 B. T. A. 583. Such was clearly the legislative purpose of the section. See Hearings Before the Committee on Ways and Means on Revenue Revision of 1925, 69th Cong., 1st Sess., pp. 898, *et seq.*, particularly the statement of the Board Chairman, Charles D. Hamel, p. 923; H. Rep. No. 1, *id.*, December 7, 1925, p. 13; Sen. Rep. No. 52, *id.*, January 16, 1926, p. 32; Conference Report, H. Rep. No. 356, *id.*, February 22, 1926, pp. 46–47.

[8] Subdivision (f) of § 283 refers to subdivision (e). That section provides that the situation dealt with therein should be treated as though a deficiency notice had been sent under § 274 (a), and that the tax "shall be collected and paid in the same manner and subject to the same provisions and limitations . . . as in the case of a deficiency imposed [by the 1926 Act], except as otherwise provided in section 277," and in certain sections relating to interest and jeopardy collection, which are here immaterial. 44 Stat. 64. Deficiencies under the 1926 Act were governed by §§ 273, 274, and 275, 44 Stat. 55–57. Section 273, defining the term, and § 275, providing for additions in the case of negligence, fraud, etc., are not here applicable. Section 274 (a) is quoted in the text. Section 277 (a) related to the periods for assessment and collection generally and reënacted the five year limitation on the collection of 1917 taxes. It was qualified by § 277 (b), quoted in the text.

Section 283 (f) was, in addition, limited by § 283 (j) which prohibited an appeal to the Circuit Court of Appeals if the hearing before the Board had been held prior to the enactment of the 1926 Act. *Blair* v. *Curran,* 24 F. (2d) 390; *Blair* v. *Hendricks,* 24 F. (2d) 819; *Power & Bro.* v. *Commissioner,* 27 F. (2d) 116. In the case at bar, the hearing was held on April 26, 1928. Also, § 284 (d), 44 Stat. 67, which imposed restrictions on the allowance of refunds and credits after an appeal had been taken to the Board of Tax Appeals, was made inapplicable to cases under § 283 (f). Compare *Burnet* v. *Chicago Railway Equipment Co.,* decided this day, *post,* p. 301, note 8.

of the deficiency " shall be made, begun, or prosecuted
. . . if a petition has been filed with the Board [of
Tax Appeals], until the decision of the Board has become
final." [9]  And § 277 (b) provided that the running of the
statute of limitations on " the beginning of distraint or a
proceeding in court for collection, in respect of any de-
ficiency shall . . . be suspended for the period during
which the Commissioner is prohibited from . . . be-
ginning distraint or a proceeding in court, and for 60 days
thereafter." [10]  That period still continues as there is not
yet a final determination of the Board.[11]  The taxpayer
concedes that § 283 (f) of the 1926 Act confirmed the
jurisdiction of the Board of Tax Appeals in the present
case, but contends that it did not operate to extend the
period for collection until after a final determination.

*First.*  It is argued that § 283 (f) cannot be interpreted
as extending the time for the collection of the tax because
of § 1000.[12]  The latter section amended the 1924 Act by
providing that where the Board found that the tax was
barred by the statute of limitations, its decision should be
that there was no deficiency.  This section was inserted

---

[9] 44 Stat. 55. Notwithstanding the prohibition in R. S. 3224, such
suit or distraint proceeding may, by express provision in § 274 (a),
be enjoined. *Peerless Woolen Mills* v. *Rose*, 28 F. (2d) 661.

[10] 44 Stat. 58–59.

[11] Section 274 (h), 44 Stat. 56, provided that the decision of the
Board should become final according to the rules set out in § 1005.
That section provides that finality shall be given thirty days after
the issuance of the mandate of this Court, in case of an affirmance
or dismissal, or upon correction in case of a modification or reversal.
44 Stat. 111; 26 U. S. C., § 1228.

[12] 44 Stat. 105, 107. This section was a general amendment to
Title IX of the Revenue Act of 1924. An entire new section, § 906,
was, *inter alia,* thereby added to the 1924 Act, of which subdivision
(e) is relied upon by respondent.

to confirm the jurisdiction of the Board in making final disposition of a deficiency already barred.[13] It contains nothing which affects the special jurisdiction conferred by § 283 (f).

*Second.* It is argued that neither § 277 (b), which suspended the running of the statute, nor § 283 (f), which incorporated the former,[14] indicate that § 277 (b) was to be given a retroactive effect. The argument is unsound. Subdivision (f) of § 283 shows that it was the intention of Congress to apply the provisions of § 277 (b) to cases like that at bar. Since in such cases the assessment (before June 3, 1924), the final determination and the appeal to the Board (after June 2, 1924), must expressly have occurred prior to the enactment of the 1926 Act, the reference to § 277 (b) contained in § 283 (f) necessarily meant that in these cases the former section was to be applied retroactively.

*Third.* The taxpayer relies also upon § 278 (e)[15] of the 1926 Act which prohibited collection, in the absence of a waiver prior to that Act, if at the date of its enactment the tax was already barred. The argument is that since the last waiver by its terms expired on December 10, 1925, that is, prior to the effective date of the 1926

---

[13] See Hearings Before Committee on Ways and Means on Revenue Revision of 1925, *supra,* note 7, pp. 849, *et seq.,* 900–02. The Board had early decided that it had jurisdiction in such cases under § 900 of the 1924 Act. Appeal of National Refining Co., 1 B. T. A. 236. Compare note 12, *supra.*

[14] See note 8, *supra.*

[15] " This section . . . shall [not] authorize . . . the collection [of a tax] (1) if at the time of the enactment of this Act [such collection] was barred . . . unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act." 44 Stat. 59.

Act, this section bars collection. That interpretation is not correct. As was said by the court below: "The authority for extending the time for collection under the facts of the case at bar is found in § 283 (f), and not in § 278. . . . If we are to accept petitioner s contention that § 278 (e) is inconsistent with the interpretation we have given § 283 (f), we must necessarily hold that § 278 (e) in effect nullifies the clear provisions of § 283 (f). Not only is there nothing in the statute to warrant this interpretation, but the interrelation of § 278 (e) and § 283 (f) makes the contrary clear." [16] 38 F. (2d) 431.

*Fourth.* It is argued that inasmuch as the Commissioner was not prohibited from making collection between November 18, 1925, the date of the appeal, and February 26, 1926, the effective date of the 1926 Act,[17] and since

---

[16] As was pointed out below, the latter part of § 278 (e), which prohibits collection contrary to § 274 (a), quoted *supra* p. 290, recognizes and reinforces the prohibition against collection while a case is pending before the Board. See note 9, *supra.* Since this same subsection 274 (a) is incorporated in § 283 (f), *supra* note 8, it seems clear from this interrelation that § 278 (e) was not intended to limit § 283 (f), and that the suspension of the statute given by § 277 (b) is applicable to the instant case. See 38 F. (2d) 431.

[17] The filing of the claim for abatement of the jeopardy assessment did not operate as a stay of collection. The claim filed in the present case, under § 252 of the 1921 Act (42 Stat. 268) and R. S. 3228 as amended by § 1316 of that Act (42 Stat. 314), was apparently not accompanied by a bond. Under such circumstances the filing of the claim would not have prevented collection if the Commissioner had believed that collection of the tax was jeopardized. See Reg. 33 (1918 ed.), Art. 261; Reg. 45, Art. 1032; Reg. 62, Art. 1032; *cf. United States* v. *Burden, Smith & Co.,* 33 F. (2d) 229, 230. Prior to the decision in *Bowers* v. *N. Y. & Albany Lighterage Co.,* 273 U. S. 346, it was, however, the common practice to postpone collection upon the filing of a claim for abatement if there was no doubt as to the taxpayer's solvency. See H. Rep. No. 2, 70th Cong. 1st Sess., December 7, 1927, p. 34.

the period for collection, as extended by the waivers, expired December 10, 1925, § 277 (b) does not aid the Commissioner because the statute had run before that section could cause it to be suspended. Attention is called to another section of the 1926 Act, § 283 (l), which provided that in the case of any tax imposed by a prior Act there shall be added to the period of suspension given by § 277 (b), any period prior to the Act of 1926 during which the Commissioner was prohibited from beginning distraint or proceeding in court.[18] The argument is that this section indicates that § 274 (a) and § 277 (b) are not to be applied retroactively; that only the period, if any, obtained under § 283 (l) can be added to the waivers; and that since the Commissioner was not prohibited from collecting prior to the expiration of the last waiver, § 283 (l) is inapplicable. Section 283 (l) expressly provides that the time therein granted shall be " in addition to the period of suspension provided for in subdivision (b) of section 277." It undoubtedly had reference to those cases in which a claim for abatement, accompanied by a bond, had been filed and collection stayed between the 1924 Act and 1926 Act.[19] It cannot limit the application to the case at bar of § 274 (a) and § 277 (b), as § 283 (f) directs. This argument of the taxpayer is also unsound.

*Affirmed.*

---

[18] 44 Stat. 66.

[19] See § 279 of the Revenue Act of 1924, c. 234, 43 Stat. 253, 300. Compare § 283 (b) and (c) of the 1926 Act. These sections confirmed the jurisdiction of the Board in cases in which an assessment had been made and an appeal taken, or in which the 60-day period had not expired before the 1926 Act. Compare Plains Buying & Selling Ass'n. *v.* Commissioner, 5 B. T. A. 1147, 1153. In such cases a jeopardy assessment and claim for abatement, accompanied by a bond and providing for a stay of collection, between the 1924 and 1926 Acts, would have been possible, and § 283 (l) would have applied.