## THIEL SERVICE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4393.

Circuit Court of Appeals, Seventh Circuit.

June 2, 1931.

Laurence Graves, of Washington, D. C., and E. J. Quinn, of Chicago, Ill., for petitioner.

F. Edward Mitchell, of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is a review of the decision of the United States Board of Tax Appeals approving the assessment of a deficiency in income and profits tax of petitioner for the year 1919. The sole question involved is whether the assessment was barred by the statute of limitations. Originally petitioner complained also of an assessment for the year 1918 but has now abandoned its contention in that respect.

Petitioner's return for the year 1919 was filed February 10, 1920. The time within which assessments thereon might be made expired five years from the date of filing, viz., February 10th, 1925. Revenue Act 1926, § 277 (a), (b), and section 278 (c), 26 USCA § 1057 and note, and section 1060 note; Revenue Act 1924, § 277 (a) (2), 26 USCA § 1057 note; Revenue Act 1921, § 250 (d), 42 Stat. 265; Revenue Act 1918, § 250 (d), 40 Stat. 1083.

On November 25, 1924, petitioner, acting through its president, filed a waiver extending the time for making the assessment for one year after the expiration of the statutory period, thus enlarging the time within which an assessment might be made to February 10, 1926. On December 4, 1924, in reply to a request from the government, petitioner, again acting through its president, filed a second waiver, the legal effect of which was to extend the period one year from the previously enlarged period. The assessment complained of was beyond the time included within the first extension but within that of the second.

The successive extensions, made before the expiration of the respective preceding periods of limitation, were, under the decision of the Supreme Court in W. P. Brown & Sons Lumber Co. v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343, decided January 5, 1931, valid, unless there appears in evidence some fact invalidating the second under some recognized legal ground for rescission, such as mutual mistake or fraud.

The evidence discloses that the president of petitioner executed each of the waivers in behalf of the company. Though the tax attorney of petitioner was not consulted before the second waiver was filed, the president must have known that he signed both waivers. The second waiver remained on file, without protest or objection for more than three years, long after the time included within the first extension within which the Commissioner might have levied an assessment. Though the request for the second waiver may have been made because of oversight of the first, no tangible evidence of such fact appears, and the government having on file with it the two waivers, each executed by the president and providing for successive extensions, had, in the absence of any objection thereto, a right to rely thereon. It is now too late for petitioner to attack the validity of the waiver. If it executed the second extension under a misapprehension, good faith required that it

call its objections to the attention of the government before the expiration of the first extension and thereby prevent reliance upon the second and postponement of assessment to a time covered by the latter. Familiar principals of the law of estoppel adequately support this conclusion.

The evidence amply and substantially supported the Board's finding, and it cannot, therefore, be disturbed upon review. W. S. Bogle & Co. v. Commissioner (C. C. A.) 26 F.(2d) 771; Bedell v. Commissioner (C. C. A.) 30 F.(2d) 622.

Accordingly the order of the Board of Tax Appeals is affirmed at the cost of petitioner.