A. V. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Mrs. FANNIE L. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EUGENE S. DALEY, EXECUTOR OF THE ESTATE OF CLARA P. ROBSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. R. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. M. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM L. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Mrs. MABEL K. STEGEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ALBERT V. STEGEMAN, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. C. SANDERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26643–26651. Promulgated March 22, 1932.

*Lawrence A. Baker, Esq.,* and *Henry Ravenel, Esq.,* for the petitioners.

*H. B. Hunt, Esq.,* for the respondent.

950

OPINION.

Smith: The original petitions set forth several allegations of error that were either abandoned or waived at the hearing. The only issue remaining for our determination is whether or not the petitioners' liability is barred by the applicable statute of limitations.

The respondent contends:

* * * that the matter is adjudicated and petitioners cannot now raise this issue because (1) the 1917 tax liability of the Old '76 Distilling Co. was decided by the Board under Docket #1262 on the merits after full hearing; (2) If, as now claimed, the tax was barred from collection in February 1924, prior to the time the appeal in Docket #1262 was filed, the company had a right to defend against the imposition of the deficiency on that ground; (3) The failure to raise the issue of limitations on behalf of the company was a waiver of this defense; (4) Such action by the company in waiving the defense is binding upon petitioners, its former stockholders, and who were in fact the interested parties prosecuting the petition in Docket #1262; and (5) The

interjection of the statute of limitations in the instant proceedings is a collateral attack upon a prior determination of the Board.

The proceedings instituted by the transferor in Docket No. 1262 were the result of the Commissioner's final determination of the transferor's claim in abatement filed after the assessment of March 21, 1923. The assessment list for March, 1923, on which this assessment appears bears a notation to the effect that there was a non-compliance with section 250 (d) of the Revenue Act of 1921. Since no attack has been made upon the assessment, " we assume that this act of the Commissioner was regular and valid." *American Locker Co.*, 21 B. T. A. 408. Thereafter, the transferor taxpayer filed a claim in abatement which was under consideration at the time of the enactment of the Revenue Act of 1924. Such claims were then referred to the Solicitor of Internal Revenue, upon whose recommendation the Commissioner's final determination was based. Subsequent to the expiration of the five-year period of limitations, as extended by waiver, for the assessment and collection of the tax due under the 1917 return, and subsequent to the enactment of the Revenue Act of 1924, the Commissioner notified the transferor taxpayer of his final determination, and the taxpayer appealed to this Board from that determination. Prior to the hearing and decision on the merits, a hearing was held upon the respondent's motion to dismiss the appeal for lack of jurisdiction, since the appeal was based upon the letter notifying the taxpayer of the respondent's final determination regarding the taxpayer's claim in abatement. The Board denied the respondent's motion and accepted jurisdiction of the appeal. (See *Brown & Sons Lumber Co.* v. *Commissioner*, 282 U. S. 283.) The case was then heard upon its merits, without any plea as to the bar of the statute of limitations, and the final order of the Board, affirming the respondent's determination of the 1917 deficiency, was entered on April 22, 1926.

In so far as material hereto, section 280 of the Revenue Act of 1926 is as follows:

(a) The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this title (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :

(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and addi-

tions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Act.

\* \* \* \* \* \* \*

(b) The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) Within one year after the expiration of the period of limitation for assessment against the taxpayer; or

(2) If the period of limitation for assessment against the taxpayer expired before the enactment of this Act but assessment against the taxpayer was made within such period,—then within six years after the making of such assessment against the taxpayer, but in no case later than one year after the enactment of this Act.

\* \* \* \* \* \* \*

Section 280 of the Revenue Act of 1926 is constitutional. *Phillips* v. *Commissioner*, 283 U. S. 589.

The respondent argues that by reason of the fact that this Board in Docket No. 1262 determined a deficiency to be due from the Old '76 Distilling Company and of the further fact that notices of tax liability were sent to the petitioners within one year from the date of the entry of decision in Docket No. 1262, the petitioners may not raise any question as to the bar of the statute of limitations as affecting the transferor.

A primary question for our consideration, however, is whether the petitioners had any liability " at law or in equity" for the payment of the deficiency determined by the respondent and by this Board to be due from the Old '76 Distilling Company; for, if the petitioners had no such liability, it is not necessary to discuss the question of the bar of the statute of limitations.

There can be no question from the facts of record in these proceedings that the Old '76 Distilling Company, in the proceeding in Docket No. 1262, had a valid defense of the bar of the statute of limitations had it availed itself of such defense. The bar of the statute for the collection of the tax fell on February 17, 1924. The claim in abatement filed after the assessment in March, 1923, did not extend the period within which collection of the deficiency might be made. *Guardian Trust Co., Executor*, 15 B. T. A. 1256; *Uncasville Manufacturing Co.* v. *Commissioner*, 55 Fed. (2d) 893. If the tax had been collected after the statute of limitations had tolled, the amount paid could have been recovered through proper proceedings. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346; *Russell* v. *United States*, 278 U. S. 181.

The statute of limitations having tolled in favor of the transferor on February 17, 1924, it follows that if the deficiency may be col-

954

lected from the petitioners, the transferees of the assets of the Old '76 Distilling Company, it must be by virtue of the decision of this Board in Docket No. 1262, entered April 22, 1926. The respondent relies solely upon that decision. We think that his reliance is misplaced, for two reasons—first, because the decision of the Board in Docket No. 1262 was not conclusive of the transferor's rights, and, secondly, because Congress in section 280(b) of the Revenue Act of 1926 has provided a statute of limitations applicable to the transferee.

It will be noted from our findings that the hearing in Docket No. 1262 was had on May 13, 1925, that briefs were filed on or prior to May 25, 1925, and that the Board promulgated its opinion on April 20, 1926, and entered its decision therein on April 22, 1926. The proceeding was therefore one of the class of cases arising under section 283 (j) of the Revenue Act of 1926, which, so far as material, provides:

In cases within the scope of subdivision (b) or (f) of this section where any hearing before the Board has been held before the enactment of this Act and the decision is rendered after the enactment of this Act, such decision shall, for the purposes of this title, be considered to have become final upon the date when it is rendered and neither party shall have any right to petition for a review of the decision. * * *

Clearly the transferor, the Old '76 Distilling Company, had the right, if it had paid the deficiency determined by the Board, to bring a suit for the refund of the tax paid, and in such proceeding it might have raised the question of the bar of the statute of limitations which it had failed to raise before the Board. As stated by the court in *Blair* v. *Curran*, 24 Fed. (2d) 390, " The hearing before the Board [under the provisions of the Revenue Act of 1924] was at that time little more than a preliminary skirmish, a run for luck." There has never been a conclusive determination of the transferor's liability.

It is furthermore to be noted that it was not the intention of Congress in the enactment of section 280 of the Revenue Act of 1926 to impose liabilities upon transferees which did not rest upon them at law or in equity. *A. H. Graves et al.*, 12 B. T. A. 124. Its purpose was simply to provide a new remedy for the enforcement of the liability. *Phillips* v. *Commissioner, supra.* Cf. *Marion Parsons Spencer*, 11 B. T. A. 437; *Guardian Trust Co., Executor, supra; Charles E. Hammersley*, 16 B. T. A. 68; *Annie P. Kountze*, 17 B. T. A. 928; *Alfred J. Diescher*, 18 B. T. A. 353; dismissed, 44 Fed. (2d)

1013; *William H. Schroll*, 20 B. T. A. 1027; *Caroline J. Shaw, Executrix*, 21 B. T. A. 400; *Frank L. Roche*, 21 B. T. A. 1139; *Newport Co.*, 22 B. T. A. 833.

What we have said above applies only to the liability asserted for the year 1917. The liabilities of the petitioners for the unpaid taxes of the Old '76 Distilling Company for the years 1919 and 1920 are not barred by the statute of limitations. The return for 1919 was filed on March 15, 1920, and the assessment was made in December, 1924, after the enactment of the Revenue Act of 1924, and within the five-year period of limitations which expired on March 15, 1925 (sections 280, 277 (a) (2) and 278 (d) of the Revenue Act of 1924). The respondent's notice to the petitioners, dated February 17, 1927, was within six years of the assessment and not more than one year after the enactment of the Revenue Act of 1926 and is timely within the period of limitations (now extended by these proceedings—see sections 280 (d) and 274 (a) of the 1926 Act) provided for in section 280 (b) (2). The 1920 return was not filed until March 28, 1923, and the respondent had five years from that date within which to assess and collect the tax due on that return for the transferor, and, under section 280 (b) (1), an additional year in which to proceed against the transferees. Since the period of limitations for assessment against the transferor did not expire until after the enactment of the Revenue Act of 1926, it is not essential that we discuss the effect, if any, of the assessments in September, 1923, and December, 1924. The period of limitations for assessment against the transferor not having expired on February 17, 1927, when the respondent notified the petitioners of his proposal to assess the tax against them, it follows that the notice was timely; the period of limitations for assessment against the transferees (now extended by these proceedings—see sections 280 (d) and 274 (a) of the 1926 Act) has not expired, and the petitioners' liability is not barred. *A. Cellars*, 16 B. T. A. 411; *Louis Costanzo*, 16 B. T. A. 1924; *Phil Gleichman*, 17 B. T. A. 147; *Moritz Hilder*, 17 B. T. A. 1189; *Caroline J. Shaw, Executrix, supra; E. N. & O. M. Ennis*, 21 B. T. A. 406; *Edward H. Garcin*, 22 B. T. A. 1027; *Samuel Henigson*, 23 B. T. A. 1294.

Reviewed by the Board.

*Judgments will be entered under Rule 50.*

LANSDON, MARQUETTE, and ARUNDELL dissent.