H. D. WALBRIDGE & COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35289, 35869. Promulgated April 12, 1932.

*James P. Quigley, Esq.*, for the petitioner.
*Eugene Meacham, Esq.*, and *C. E. Lowery, Esq.*, for the respondent.

1110

OPINION.

SMITH: The petitioner first contends that its liability for the taxes in controversy was extinguished by section 1106 of the Revenue Act of 1926 and cites *Knight-Campbell Music Co.*, 23 B. T. A. 1233, and other cases, wherein this Board held that where the period of limitations had expired, a waiver executed after the enactment of the Revenue Act of 1926 and the expiration of the period of limitations for the assessment of the tax in question, was ineffective. The periods of limitations for the assessment of the deficiencies here involved would have expired on March 15, 1926 (section 277 (a) (3) and (2), Revenue Act of 1926), had the petitioner executed no consents or waivers extending the time within which the deficiencies might be assessed and collected. In its petitions, the petitioner alleged as a fact, and the respondent admitted the fact, that:

Two waivers were executed for 1920 under date of October 7, 1925 and January 13, 1926, respectively, but both expired December 31, 1926.

This taxpayer did execute and file a waiver for 1921 on January 13, 1926 and it expired on December 31, 1926.

In the light of these allegations and admissions it was not incumbent upon the respondent to introduce in evidence these particular waivers. These waivers were executed at a time when the assessment and collection of the deficiencies for 1920 and 1921 were not barred by the statute of limitations, and clearly extended the time for the assessment and collection of the deficiencies to December 31, 1926. Petitioner's contention on this point is refuted by its admission of fact.

The remaining contentions of the petitioner are, in effect, that neither of the waivers executed on November 4, 1926, and Decem-

ber 6, 1926, was "competent to revive the extinguished tax" and that "neither was competent to bind the taxpayer, since both lack valid agency." As we have pointed out above, the liability for the deficiencies was not extinguished at the time the alleged waivers were executed. There is no question therefore of the reviving of an extinguished liability.

The petitioner argues that when the waivers of November 4, 1926, and December 6, 1926, were executed the corporation had been dissolved and its existence was maintained by the Delaware statutes solely "for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business." It is argued that the corporation was not continued for the purpose of continuing the business for which the corporation was established. It is therefore submitted that "neither the officers nor the directors of this petitioner had power to create new liability for this corporation by reviving liability." But this argument is upon the erroneous assumption that the liability for the deficiencies was extinguished by section 1106 of the Revenue Act of 1926. The waivers executed prior to the enactment of the Revenue Act of 1926 extended the time within which assessment of these deficiencies could be made against petitioner to December 31, 1926.

Revised Code C. 65, General Corporation Law of Delaware, sections 39 and 40, as amended by L. 1925, C. 112, section 9, provides in section 39 the method in which a corporation under the laws of the State of Delaware shall be dissolved, and section 40 provides, in part:

*Continuation of Corporation After Dissolution for Purposes of Suit, Etc.:* All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established. * * *

The Delaware statute as it stood at the time of the dissolution of the petitioner continued the corporate existence, permitted it to sue in its own name, and makes the corporation its own liquidator. Where a statute authorizes a corporation after dissolution to act for the purpose of winding up its affairs and makes no provision for winding them up by a court or trustees, normally the business is to be wound up by the corporate organization, and the corporation and its officers have power to function. *McCarthy* v. *Dubuque*, 208 N. W. 507, 508. The Delaware statute is similar to the West Virginia and Massachusetts statutes considered in *South Penn Oil Co.*, 20 B. T. A. 1180, and *American Feature Film Co.*, 11 B. T. A. 1271. In the

*South Penn Oil Co.* case waivers executed on behalf of a dissolved corporation before the expiration of the statutory period of limitation by one who was an officer and director at dissolution were held valid, the Board saying that those dealing with the corporation were entitled to rely on the apparent authority of an officer acting within the limits imposed by the statute. In the *American Feature Film Co.* case the Board held that under the Massachusetts law the officers had the same authority after dissolution as before and that a waiver signed by its president in the corporate name and after dissolution was valid. See also *First Bond & Mortgage Co.*, 21 B. T. A. 1.

During the three-year period following the dissolution of the petitioner the officers of the corporation had authority to act for it and the waivers filed in November and December, 1926, extending the time within which assessment might be made to December 31, 1927, were executed by such officers, one of whom verified the petition in Docket No. 35869. At the time of the dissolution of the petitioner on January 12, 1926, the officers of the dissolved corporation possessed the same powers of management in liquidation as before, except that the scope of the business was limited to liquidation. The proceeding for a redetermination of tax liability is an act incident to the winding up of the corporate affairs; *Olean Sand & Gravel Co.*, 24 B. T. A. 324; *South Penn Oil Co., supra; Charles D. Jaffee,* 17 B. T. A. 675; affd., *Jaffee* v. *Commissioner*, 45 Fed. (2d) 679; certiorari denied, 283 U. S. 853; *Parish & Bingham* v. *United States*, 44 Fed. (2d) 933; and where, as here, the statute permits the lawful acts to be done in the corporate name and the affairs to be administered by the board of directors in office at the time of dissolution, the corporation and its directors may act through officers in the same way as before dissolution. *South Penn Oil Co., supra; Charles D. Jaffee, supra,* and cases cited. The power to sign waivers need not be expressly conferred upon the officers of a corporation. *Benz Brothers & Co.*, 20 B. T. A. 1214.

The periods of limitation, extended by valid waivers to December 31, 1926 (see section 278 (c) of the Revenue Act of 1926), had not expired when the waivers of November 4 and December 6, 1926, extending the periods of limitation to December 31, 1927, were filed. Such waivers were valid for the purpose of further extending the time within which assessment might be made to December 31, 1927. See *Lutcher & Moore Cypress Lumber Co., Ltd.*, 19 B. T. A. 887; *Commissioner* v. *Hind*, 52 Fed. (2d) 1075. The instant proceedings are distinguishable from those cases in which the Board has held similar waivers to be invalid because executed after the statutory period of limitation on assessment had expired. See *Southwestern Investment Co.*, 19 B. T. A. 30; *South Penn Oil Co., supra; Con-*

*tinental Oil Co.*, 23 B. T. A. 311. Likewise, the instant proceedings are distinguishable from those cases in which similar waivers were held ineffective to extend the statutory period where there is no evidence that the officers executing the waivers had authority to consent for the dissolved corporation. See *Southwestern Investment Co.*, *supra; White Eagle Oil & Refining Co.*, 19 B. T. A. 185; *T. W. Warner Co.*, 19 B. T. A. 872; *National Bank of Commerce,* 19 B. T. A. 1080; *Newport Co.*, 22 B. T. A. 833; *Equitable Gas Co.*, 22 B. T. A. 1268; *Farmers & Planters Tobacco Warehouse Co.*, 22 B. T. A. 1331.

Despite the signing of the waivers in November and December, 1926, by officers of the petitioner corporation, counsel for the petitioner assails their validity with an argument that they were countersigned

> For H. D. WALBRIDGE & CO.
> By [Signed] JOHN J. HEBERLE
> > *John J. Heberle*
> > *Attorney for Taxpayer*
> > *as per Power on file*
> > *in Bureau*

and that the Board knows nothing of the competency of " that pretense of agency to bind a corporation which the Board knows was then dissolved." Such arguments merit no serious consideration since Heberle is shown by the record to have handled these tax matters for the petitioner from the beginning of the controversy; he, by countersigning, approved the execution of the waivers by an officer of the petitioner corporation; and assuming that he, Heberle, was exclusively authorized to handle petitioner's tax matters, we would nevertheless hold the waivers valid, since there is no reason whatever to prevent the officers of the petitioner " so acting in the appointment of agents to perform the detail work in winding up the affairs of the corporation. This, indeed, would be the only feasible way for them to act in many, probably most, instances." *Jaffee* v. *Commissioner, supra.*

The deficiency notices having been mailed to the petitioner prior to the expiration of the periods of limitations for assessment and collection, as extended by valid waivers, and the periods having been further extended by the pendency of these proceedings (section 277 (b), Revenue Act of 1926), it follows that the deficiencies are not barred by the statute of limitations. *Brown & Sons Lumber Co.* v. *Burnet,* 282 U. S. 283.

> *Judgments will be entered for the respondent in the amounts of $13,765.88 for 1920 and $133.38 for 1921.*