## CRUCIBLE STEEL CASTING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4851.

Circuit Court of Appeals, Seventh Circuit.
July 11, 1933.

Allen H. Gardner, of Washington, D. C. (Kixmiller, Baar & Morris, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Sewall Key, and John G. Remey, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Owen W. Swecker, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

ALSCHULER, Circuit Judge.

There is involved in this appeal the question whether the collection of the income tax for the calendar year 1918 is barred by limitation.

Petitioner's tax return was filed June 13, 1919. On February 28, 1924, petitioner executed, and the Commissioner accepted, an income and profits tax waiver wherein petitioner consented "to a determination, assessment, and collection" of any such taxes for the year 1918, such waiver to continue in effect for one year after the period of limitation would expire.

On November 19, 1925, after the term of the former waiver had expired, petitioner executed, and the Commissioner accepted, a further waiver, effective until December 31, 1926, whereby the time for *assessment* of the tax was waived for the specified period. Under date of November 22, 1926, petitioner executed a further waiver, in same form as the one last above, to be effective until December 31, 1927. The notice of deficiency involved in this appeal was sent to petitioner January 21, 1927.

The first contention made is that the second waiver was not made until after the period of the first waiver had expired, and that a waiver made and accepted after the expiration of the period of limitation, or after expiration of any waiver period, is ineffective to restore the right of the government to proceed with the assessment for collection of the deficiency. In Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 148, 75 L. Ed. 335, it was distinctly held otherwise. The right to proceed within the period of the waiver was there upheld, notwithstanding that at the time the waiver was made the bar of the statute was already complete.

It is claimed that the last two waivers did not extend the time for collecting the tax, and that the bar on collection was complete. The first waiver waived the limitation for the "determination, assessment, and collection" of the taxes, while the second and third purported to extend the time only as to *assessment* of taxes, without mentioning collection. The precise contention is that the right to *collect* is barred notwithstanding the waiver was effective as to the *assessment* of the tax. The Stange Case denies also this contention. There the waiver made no reference to collection, but the court held this was not essential in order to make effective the taxpayer's expressed consent to the extension of the period for assessment. Said the court: "The parties cannot have intended to have the amount of the tax ascertained and to leave the taxpayer free to pay it or not. They clearly contemplated the entire procedure necessary to determination and collection of the tax." These words from the Stange Case are here applicable and decisive. To like effect is Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339. See also W. P. Brown & Sons Lumber Co. v. Burnet, 282 U. S. 283, 51 S. Ct. 140, 75 L. Ed. 343, and Burnet v. Chicago Railway Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349.

The order appealed from is affirmed.