Sucesores de Sobrino & Cía., Petitioner *v.* Tax Court of Puerto Rico, Respondent; Treasurer of Puerto Rico, Intervener.

Nos. 177 and 180.   Argued May 3, 1948.—Decided June 2, 1948.

*D. Guerrero Noble* for petitioner.   *Luis Negrón Fernández, Attorney General,* and *Edgar S. Belaval,* special counsel for the Department of Justice, for intervener, respondent in the main action.

Mr. Justice Snyder delivered the opinion of the Court.

On October 15, 1937 the taxpayer filed its return for the tax year ending July 31, 1937.   On October 28, 1943 the

Treasurer sent the taxpayer a notice of deficiency. On November 12, 1943—less than seven years after the date of the return—the taxpayer petitioned the Treasurer for reconsideration and for an administrative hearing. The petition included a statement that "I make it known that I expressly waive the period of prescription in this case . . ." .

The administrative hearing was held on May 1, 1944. On December 28, 1944—more than 7 years after the date of the return—the Treasurer notified the taxpayer of the denial of his petition for reconsideration. On March 15, 1945 the Treasurer sent the taxpayer a notice and demand for a deficiency with interest amounting to $837.81. On March 24, 1945 the taxpayer made a voluntary payment of this sum to the Treasurer.

On December 18, 1945 the taxpayer petitioned the Treasurer for a refund on the sole ground that the right of the Treasurer to assess the deficiency had prescribed when it was made. The Treasurer denied the petition for refund. The taxpayer filed a complaint in the Tax Court which was dismissed on the ground that it failed to state facts constituting a cause of action. The case is here on certiorari to review this decision of the Tax Court.

■■ We are unable to agree with the Treasurer that the petitioner made an irrevocable choice of remedies when it prayed for reconsideration and an administrative hearing. "In income taxes the choice of remedies by a taxpayer is easier to ascertain. Unlike excise tax cases, where payment is the first step under both alternatives, when a taxpayer resists a notice of deficiency, he does not pay the tax. Instead, he posts a bond of not less than ¾ of the tax and sues in the Tax Court. *Mayagüez Lt., P. & I. Co.* v. *Tax Court,* [65 P.R.R. 28]. Under his alternative remedy, instead of failing to pay, he pays and sues for refund. The *Coca Cola Co.* v. *Tax Court,* [65 P.R.R. 142]." *Gerardino* v. *Tax Court,*

footnote 13, *ante*, p. 206. Here the taxpayer chose to pay instead of proceeding to sue in the Tax Court without paying and after posting a ¾ bond. He petitioned the Treasurer for refund within the statutory period of 4 years established by § 64(*b*) and filed his suit for refund in the Tax Court within the period provided by law. The Tax Court therefore had jurisdiction to decide this suit for refund.

■■ The question remains whether the Tax Court erred in holding that the complaint failed to state a cause of action. We assume, without deciding, that the deficiency was assessed after the statutory period allowed by law. But, as the Tax Court pointed out, the petitioner did not allege that the tax was not due on the merits. The taxpayer did contest it on the merits in his petition for reconsideration. But when this was denied, the taxpayer voluntarily paid the tax. And now it raises only the question that the deficiency was barred when assessed.

We have recently considered the effect of § 60(*a*) of the Income Tax Act, which establishes a seven-year statute of limitations for deficiencies. We pointed out that the statute bars only the remedy of the Treasurer, and not his right to collect the tax. We therefore held that even after the remedy is barred, the Legislature may modify the statute of limitations by enlarging the period within which the Treasurer may enforce his right to collect the tax. *Rodríguez & Palacios v. Tax Court, ante* p. 635.

■■ By the same token, a taxpayer who voluntarily pays a deficiency which he admittedly owes except for the bar of the statute of limitations has no cause of action for refund. The tax is imposed by the statute, not by the Treasurer. If the Treasurer fails to assess the tax within the statutory period, the taxpayer may resist a suit for collection by pleading the statute. In that situation, the Treasurer has no remedy with which to enforce the existing right. But if instead of contest-

ing the claim of the Treasurer the taxpayer voluntarily pays it, the lack of remedy on the part of the Treasurer is not fatal. The taxpayer having paid a tax which it owed after an administrative hearing in which it failed to raise the issue of prescription, cannot sue for refund. See *Snyder* v. *Routzahn,* 55 F.(2) 396 (District Ciourt, Ohio, 1931); *United States* v. *Wyoming Central Ass'n,* 70 F.(2) 869 (C.C.A. 10th, 1934); *American Light & Traction Co.* v. *Harrison,* 142 F.(2) 639, 641 (C.C.A. 7th, 1944). In the latter case the court points out that § 607 of the Federal Internal Revenue Act of 1928, 26 U.S.C.A. § 3770 (a)(2), provides that payment of a tax after expiration of the statute of limitations is considered an overpayment and creates a cause of action for refund. See Seidman's Legislative History of Federal Income Tax Laws, pp. 565–67; 10 Mertens, Law of Federal Income Taxation, § 58.37, p. 325; Zimet, Tax Refund Claims and the Statute of Limitations, 1 Tax. L. Rev. 45. But our Legislature has not chosen to give taxpayers a cause of action to recover taxes voluntarily paid after the statute had run against their collection by administrative proceedings or judicial remedy. In the absence of an insular statute equivalent to § 607, the taxpayer herein has no such cause of action.[1]

We need hardly add that this case does not apply to the situation where the taxpayer, disputing the right of the Treasurer to assess the deficiency because it is barred by the statute, sues in the Tax Court after the Treasurer has denied reconsideration without paying the tax; and after an adverse decision in the Tax Court, pays the tax under protest in order to invoke the jurisdiction of this Court. Under those circumstances the taxpayer is following the procedure provided by law to raise the issue of prescription. That he failed to do here.

In view of the result we have reached, we find it unnecessary to determine whether the taxpayer waived the statute

---

[1] Cf. *González Padín* v. *Tax Court,* 66 P.R.R. 909, 925, and footnote 8.

of limitations [2] or whether it was estopped to raise the question of prescription because the administrative hearing was twice postponed at its request.[3]

The decision of the Tax Court will be affirmed.

Mr. Justice De Jesús did not participate herein.

---

[2] In support of waiver the Treasurer cites *Stange* v. *United States,* 282 U.S. 270; *Aiken* v. *Burnet,* 282 U.S. 277; *Brown & Sons Co.* v. *Burnet,* 282 U.S. 283; *Burnet* v. *Railway Equipment Co.,* 282 U.S. 295.  And cf. *Buscaglia* v. *Tax Court,* 67 P.R.R. 650.

[3] For estoppel the Treasurer relies on *Sucrs. de J. González & Co.* v. *Buscaglia, Treas.,* 63 P.R.R. 243.