**ASSOCIATED MUTUALS, Inc. v. DELANEY.**

**Civ. A. No. 5836.**

United States District Court

D. Massachusetts.

Nov. 9, 1948.

John Dane, Jr., Charles Ryan and Choate, Hall & Stewart, all of Boston, Mass., for plaintiff.

William T. McCarthy, U. S. Atty., and W. Arthur Garrity, Jr., Asst. U. S. Atty., both of Boston, Mass., Theron Lamar Caudle, Asst. Atty. Gen., and Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to the Atty. Gen., for defendant.

SWEENEY, Chief Judge.

The defendant has assessed deficiency taxes against the plaintiff for the year 1941. From this action the plaintiff seeks a permanent injunction restraining the defendant from making, beginning, or prosecuting any distraint or proceeding in court for the collection of the taxes demanded in the defendant's deficiency notices "until the expiration of the 90-day period after notice of a determination of deficiency is properly mailed in the manner set forth and within the time limited by said I.R.C., Sec. 272(a)(1) [26 U.S.C.A. § 272(a) (1)]".

### Findings of Fact

In 1944, between May and July, a Revenue Agent attached to the Chicago office of Revenue Agents was examining the affairs of the plaintiff corporation in Chicago. He was auditing returns for the years 1936, 1937, 1941, and 1942. The plaintiff had filed a claim for refund for the years 1936, 1937, and 1942, and at the same time had a deficiency charged against it for the year 1941. At the close of the discussion between the Revenue Agent and the representative of the plaintiff corporation, a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment" was signed. This form in the Bureau is known as "Form 874", and is generally referred to

as a waiver. The plaintiff contends that this waiver as to the year 1941 was signed and delivered only on condition that its claimed overassessments for 1936, 1937, and 1942, would be allowed, and that when the Commissioner later rejected its claims for refunds for these three years, the effect of such action was to nullify the waiver of the 1941 deficiency.

Section 272(a) (1) of the Internal Revenue Code provides what specific steps must be taken by the Commissioner before attempting, by distraint or otherwise, to collect a deficiency in taxes. Congress has set up a system which was well designed for the protection of the taxpayer. A taxpayer may waive the requirements of Section 272(a) (1) and customarily he does so by the execution of Form 874 referred to above. When a single year's audit is being made the Bureau has other forms, one in which a deficiency is set out in the Agent's report, and the other in which an overassessment is set out in the Agent's report; but where the Agent is examining several years, some of which may result in overassessments and others in deficiencies, Form 874 is used, and the effect of signing such a waiver is to allow the Commissioner to offset whatever is due the taxpayer against whatever the Government claims from the taxpayer. Although the waiver was prepared by the Revenue Agent and tendered to the corporation, it was signed by the corporation and mailed by it to the Commissioner of Internal Revenue. There were no witnesses to any of the conversations between the representative of the plaintiff corporation and the Revenue Agent. There was no evidence of any covering letter to the Commissioner accompanying the waiver which would point out that it was only being given conditionally.

From the foregoing I must find that the plaintiff has not borne the burden of proving that the waiver was given conditionally. While the representative of the plaintiff corporation was very familiar with accounting and auditing, and had been well educated in that line and had had much experience in it, it may be that he mistook the signing of the waiver as the equivalent of a closing agreement, but even this would offer him little solace as the law provides that closing agreements must be signed by the Commissioner or by someone delegated by him in writing. See Internal Revenue Code, Section 3760, 26 U.S.C.A. § 3760.

Another weakness in the plaintiff's case is that, assuming that the Agent understood that the waiver was being given conditionally, there is a complete lack of showing of his authority to agree to accept an instrument conditionally. How the plaintiff could imagine that the Commissioner would know that the waiver was given conditionally when it was not called to his attention in the letter of transmittal is beyond understanding. At the trial the defendant seasonably objected to the offer of testimony as to the conversations between the Revenue Agent and the representative of the plaintiff corporation. The Court allowed this testimony to go in de bene, subject to a showing of the Agent's authority to enter into the alleged agreement to accept the waiver conditionally. This testimony should now be stricken from the record because of the plaintiff's failure to show delegation of authority to accept the waiver conditionally.

## Conclusions of Law

From the foregoing I conclude and rule that the waiver signed by the plaintiff is not invalid in the hands of the Commissioner. I also conclude and rule that the plaintiff has not submitted sufficient evidence to show that the waiver, as given, was given conditionally.

The bill is therefore to be dismissed.