ALLEN N. BRUNWASSER AND BEVERLY BRUNWASSER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brunwasser v. Commissioner
Docket No. 18193-82.
United States Tax Court
T.C. Memo 1986-197; 1986 Tax Ct. Memo LEXIS 413; 51 T.C.M. (CCH) 1015; T.C.M. (RIA) 86197; May 15, 1986. Allen N. Brunwasser, pro se. Edward J. Laubach, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to Special Trial Judge Hu S. Vandervort pursuant to section 7456 and Rules 180 and 181. [1] The Court agrees with and adopts his opinion, which is set forth below. *415 OPINION OF THE SPECIAL TRIAL JUDGE VANDERVORT, Special Trial Judge: This case is before the Court on respondent's Motion For Summary Judgment and To Award Damages Under I.R.C. Section 6673, filed May 16, 1985. [2]
In the statutory notice of deficiency dated April 13, 1982, the Commissioner determined a deficiency in petitioners' 1977 Federal income tax *416 in the amount of $15,700.57. The issues raised by respondent's motion are: (1) whether the statute of limitations for the taxable year 1977 had run prior to the issuance of the notice of deficiency in which the Commissioner determined petitioners were liable for an underpayment resulting from a mathematical or clerical error on their 1977 Federal income tax return; (2) whether there exists a deficiency in petitioners' Federal income taxes for 1977; (3) whether the Tax Court has jurisdiction to determine the rate of interest charged upon deficiencies in income tax; and, (4) whether damages should be awarded to the United States pursuant to section 6673. Petitioners filed a timely 1977 Federal income tax return on or about April 15, 1978. This return reflected a tax liability of $29,658.00. After receipt of petitioners' return, the Commissioner determined that petitioners had made several mistakes calculating their 1977 tax liability. The first mistake arose when petitioners, using Rate Schedule Y, miscalculated the tax on their taxable income of $91,279.83. Instead of arriving at the correct figure of $38,027.90, petitioners reported $28,238.00 on line 4 of Schedule TC. As *417 a result, final tax reported on line 11 of Schedule TC was deficient by $9,789.90. Petitioners' second mistake was made in the calculation of social security self-employment tax on Schedule SE. On line 18, where the self-employment tax is finally arrived at, petitioners reported $1,600.00. However, the instructions for line 18 state that "[i]f line 17 is $16,500, enter $1,303.50 * * *." The figure on petitioners' Schedule SE, line 17 is $16,500. Therefore, petitioners should have entered $1,303.50 on line 18, rather than $1,600.00. As a result of this error, petitioners reported an excess of $296.50 in self-employment tax. The net result of petitioners' errors is an understatement of tax in the amount of $9,493.40. The Commissioner considered these errors to be mathematical or clerical errors as defined in section 6213(g)(2). Based on this conclusion, the Commissioner made an immediate assessment of the $9,493.40 deficiency arising from the alleged mathematical or clerical errors pursuant to section 6213(b)(1). On August 29, 1978, petitioners requested an abatement of the mathematical or clerical error assessment. In accord with section 6213(b)(2), the Commissioner abated *418 the mathematical or clerical error assessment on February 5, 1979. Subsequent to the abatement, an audit of petitioners' 1977 income tax return was conducted during which petitioners executed a series of waivers extending the statute of limitations. The First unrestricted Form 872, Consent to Extend the Time to Assess Tax (Form 872) was executed on January 28, 1981, by petitioners. This consent was executed on behalf of the Commissioner on January 29, 1981. This waiver extended the period for assessment to December 31, 1981. The second Form 872 was executed by petitioners on June 26, 1981 and extended the time for assessment to March 31, 1982. This was signed on behalf of the Commissioner, but was not dated. The third Form 872 was executed by petitioners on December 28, 1981, extending the time for assessment to December 31, 1982. This waiver was signed and dated on behalf of the Commissioner on December 29, 1981. After reaching only a partial resolution of the issues involved in the audit, the Commissioner sent a notice of deficiency to petitioners on April 13, 1982 for the taxable year 1977. The deficiency set forth in the notice was $15,700.57. However, only the $9,493.40, *419 attributable to the alleged mathematical or clerical error, is at issue here. [3] Petitioners filed a timely petition to begin this case. On May 16, 1985, respondent filed the motion currently before the Court. On July 11, 1985 at a special trial session of this Court, in Pittsburgh, Pennsylvania, the parties were given an opportunity to present oral argument on respondent's motion. Petitioners chose not to appear. [4]
*420 Rule 121(b) states that a decision on a motion for summary judgment shall be rendered "if the pleadings, * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Thus, in deciding a motion for summary judgment, we must clearly determine that there are no issues of material fact in dispute. Season-All Industries, Inc. v. Turkiye,425 F.2d 34 (3rd Cir. 1970); Gulfstream Land & Development Corp. v. Commissioner,71 T.C. 587 (1979). The burden of demonstrating that there is no genuine issue of material fact is upon the moving party. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970); Graf v. Commissioner,80 T.C. 944, 946 (1983); Jacklin v. Commissioner,79 T.C. 340, 344 (1982). After careful consideration of the record in this case, we find there are no issues of material *421 fact in dispute. Therefore, in accordance with Rule 121(b), we shall proceed with the resolution of the legal issues brought forth in respondent's motion. [5]
We are first asked to determine whether the statute of limitations bars the assessment and collection of a deficiency in petitioners' income tax for taxable year 1977. Petitioners argue that the Form 872 consents to extend the statute of limitations were not valid because petitioners were not specifically informed that the consents covered the alleged mathematical or clerical error adjustment. As a result, petitioners contend the notice of deficiency, on which this case is based, was untimely. We do not agree. *422 Section 6501(a) provides the general rule that the Commissioner has three years after the taxpayer's return is filed within which to commence statutory proceedings for assessment and collection of tax by the mailing of a notice of deficiency. Section 6501(c)(4) allows the normal three year statute of limitations to be extended by agreement between the parties. Petitioners' income tax return for taxable year 1977 was timely filed on or before April 15, 1978; consequently, the three year statute of limitations under section 6501(a) would have expired on April 15 of the third year after filing this return. Therefore, the statute of limitations would have expired for the taxable year 1977, on April 15, 1981. Petitioners concede that three consents, Form 872 waivers of the statute of limitations, were executed during the examination of the 1977 return, ultimately extending the statute of limitations to December 31, 1982. Furthermore, respondent has produced three consents executed by petitioners on January 28, 1981, June 26, 1981 and December 28, 1981. The consents extend the statute of *423 limitations to December 31, 1981, March 31, 1982 and December 31, 1982, respectively. Respondent does not, nor is it necessary to, rely on the second consent executed by petitioners on June 26, 1981. This Form 872 was signed on behalf of the Commissioner, but was not dated. However, the third consent was executed by both parties before the first consent expired on December 31, 1981. See generally, United States v. Havner,101 F.2d 161 (8th Cir. 1939) and Thiel Service Co. v. Commissioner,17 B.T.A. 1114 (1929), affd. 50 F.2d 173 (7th Cir. 1931). When respondent relies on the exception to the running of the statute of limitations provided by section 6501(c)(4), respondent bears the burden of proving the validity of the waivers. Tameling v. Commissioner,43 F.2d 814 (2nd Cir. 1930); affg. 13 B.T.A. 177 (1928); Bonwit Teller & Co. v. Commissioner,10 B.T.A. 1300 (1928); Farmers Feed Co. v. Commissioner,10 B.T.A. 1069 (1928). However, waivers valid on their face and *424 introduced into evidence by respondent shift the burden of going forward to show that the consents are invalid, to the petitioner. ConcreteEngineering Co. v. Commissioner,19 B.T.A. 212 (1930), affd. 58 F.2d 566 (8th Cir. 1932). Petitioners have not shown the invalidity of the consents. The Form 872 consents in this case are unrestricted on their face. [6] Moreover, nothing in the record indicates that any representations were made to petitioners assuring them that the consents did not cover the alleged mathematical or clerical errors appearing on their 1977 tax return. *425 Petitioners argue rather strenuously that there exists a duty to inform a taxpayer executing a consent of the nature of the adjustments the extension covers. However, petitioners cite no legal authority to back up this contention. As a practical matter, this argument is far afield. In many instances the consents are signed prior to the audit and before a thorough examination of the return has been conducted. This was true in this case where the first consent was executed before the revenue agent completed the audit. It is inconceivable that the Commissioner should be constrained at this early stage by a duty to inform the taxpayer of each and every adjustment covered by the waiver. There is simply no support for a conclusion that the Commissioner had a duty to inform petitioners that the alleged mathematical or clerical errors would be covered in the three consents executed by petitioners. [7]
*426 Therefore, on the basis of the record in this case, we conclude that the first and third consents were timely executed and valid to extend the statute of limitations until December 31, 1982. Therefore, the notice of deficiency, issued to petitioners on April 13, 1982, was timely. The second issue we must address is whether there exists a deficiency in petitioners' 1977 Federal income taxes. It is respondent's position that petitioners made two errors in calculating their tax for 1977, resulting in a deficiency of $9,493.40. We agree. Petitioners used Rate Schedule Y to calculate the tax due on their taxable income of $91,279.83. The correct application of Rate Schedule Y yields a tax of $38,027.90. However, petitioners mistakenly arrived at the figure of $28,238.00. Instead of putting the correct amount of tax due in 1977 on line 4 of Schedule TC they reported $28,238.00. As a result, the final tax liability reported on line 11 of Schedule TC was deficient by $9,789.90. Petitioners compounded this error by making another miscalculation on Schedule SE in the calculation of social security self-employment tax. In filling out Schedule SE petitioners correctly came up with *427 a figure of $16,500 on line 17. The instructions for the following line, line 18, state that "[i]f line 17 is $16,500, enter $1,303.50 * * *." As previously noted, the figure on line 17 was $16,500, however, petitioners did not place $1,303.50 on line 18. Instead of placing the correct figure on line 18, petitioners entered $1,600.00 on line 18. This mistake meant that petitioners reported $296.50 in excess of the self-employment tax actually required. The effect of the two errors made by petitioners on their 1977 Federal income tax return was a net understatement of tax equal to $9,493.40. It is clear from the record in this case that petitioners made the errors outlined above. The result of petitioners' errors is a deficiency in tax which petitioners must now pay. The third issue before us is whether we may adjudicate the rate of interest to be applied to petitioners' deficiency in income tax. Respondent argues that this Court has no jurisdictin over such matters and we agree. The law has long been settled that this Court has no jurisdiction over the computation of the rate of *428 interest to be paid after a deficiency has been determined. Standard Oil Co. v. McMahon,244 F.2d 11 (2d Cir. 1957); Commissioner v. Kilpatrick's Estate,140 F.2d 887 (6th Cir. 1944); LTV Corp. v. Commissioner,64 T.C. 589 (1975). The last issue we must consider is whether we should award damages to the United States pursuant to section 6673. We follow our decision in Brunwasser v. Commissioner,T.C. Memo. 1986-196 (filed May 15, 1986) in deciding not to award damages to the United States in this case. However, we must reiterate that if petitioners file any further petitions in this Court, based upon arguments wholly unsupportable in the body of Federal tax law, we will award damages to the United States pursuant to section 6673. An appropriate order shall be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise stated.↩
2. This docket, No. 18193-82, is one of the three dockets pending before the Court involving the same taxpayers and similar issues. All three dockets, No. 27166-82, No. 18193-82 and No. 34386-84, are the subject of substantially similar motions for summary judgment filed by respondent on May 16, 1985. Respondent previously filed motions for summary judgment in the cases at docket Nos. 18193-82 and 27166-82 on September 17, 1984. The Court conducted a hearing on these motions in Pittsburgh, Pennsylvania before the Honorable Charles E. Clapp II on November 26, 1984. However, before the conclusion of this hearing Judge Clapp↩ recused himself. The hearing was concluded and respondent's motions were denied without prejudice. On May 16, 1985 respondent filed the motion currently before the Court.
3. There is no dispute over the remainder of the adjustments reflected in the notice of deficiency. These adjustments, pertaining to depreciation, gross receipts and business expenses, result in a deficiency of $6,207.17.↩
4. Petitioners were notified of the date, place and time of the hearing by an order of the Court. Petitioners transmitted an appeal to the United States Court of Appeals for the Third Circuit by mailing it to the United States Tax Court in Washington, D.C. Since this was an interlocutory appeal, the appeal was returned to petitioners. See section 7483; Rule 190. In a letter accompanying the returned document, it was explained to petitioners that an appeal at this time was premature as no decision had yet been entered by the Court in this case. Petitioner, Allen Brunwasser, was advised by telephone on the day before the date of the hearing that the hearing would proceed as scheduled. Petitioners chose not to attend and were not represented at the hearing.↩
5. In a document entitled "Motion to Dismiss and Answer to Respondent's May 1, 1985 Motions and Brief," filed by petitioners on June 12, 1985, certain other issues are raised in response to respondent's motions. A thorough discussion of any relevant issues is found in Brunwasser v. Commissioner,T.C. Memo. 1986-196↩ (filed May 15, 1986). In the interest of judicial economy, we will not repeat the arguments or the ensuing analysis here, but incorporate our prior opinion by this reference.
6. The statute of limitations may be extended for the purpose of making specific adjustments. However, the conditions limiting the adjustments must be clearly expressed on the consent form. Marx v. Commissioner,179 F.2d 938 (1st Cir. 1950), affg. T.C. Memo. 1949-014, cert. denied 339 U.S. 964 (1950); Associated Mutuals Inc. v. Delaney,80 F. Supp. 1021 (D. Mass. 1948), affd. 176 F.2d 179 (1st Cir. 1949); and Tallal v. Commissioner,77 T.C. 1291 (1981), affd. 778 F.2d 275↩ (5th Cir. 1985).
7. Petitioners make the argument that there was "implied fraud" when they were not informed that the consent covered the mathematical errors. Silence becomes fraudulent only when there exists a duty to speak. United States v. Prudden,424 F.2d 1021, 1035 (5th Cir. 1970), cert. denied 400 U.S. 831↩ (1970).